Patrick J. Gorman (SBN 131138)
**WILD, CARTER & TIPTON**
A Professional Corporation
246 West Shaw Avenue
Fresno, California 93704
Telephone: (559) 224-2131
Facsimile: (559) 229-7295
E-mail: pgorman@wctlaw.com

Attorneys for Plaintiff
The Chuck Olsen Co., Inc. a California Corporation

## UNTIED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
### WESTERN DIVISION

**CV13- 5062**

| | |
|---|---|
| THE CHUCK OLSEN CO., INC., a California corporation, <br><br> Plaintiff, <br><br> v. <br><br> F.P.D., INC., a California corporation; and JOSEPH BALCOM, an individual, <br><br> Defendants. | Case Number <br><br> **COMPLAINT FOR ENFORCEMENT OF STATUTORY PACA TRUST PROVISIONS** |

Plaintiff, The Chuck Olsen Co., Inc., complains and alleges as follows:

I.

**JURISDICTION AND VENUE**   FILED BY FAX

1. This court has jurisdiction of this case pursuant to the Perishable Agricultural Commodities Act of 1930, as amended, 7 U.S.C. §477e(c)(5), ("PACA"). Venue is proper pursuant to 28 U.S.C. §1391(b), as a substantial portion of the events, omissions and property which are subject of this action occurred in this district.

II.

**PARTIES**

2. Plaintiff, The Chuck Olsen Co., Inc. ("Olsen") is, and at all times

COMPLAINT

1  mentioned herein was, a corporation organized and existing under the laws of the State of California with its principal place of business located in Visalia, California. Olsen's business consists of selling wholesale quantities of perishable agricultural commodities in interstate and foreign commerce.

3. Olsen is informed and believes and thereon alleges that defendant F.P.D., Inc. ("F.P.D.") is, and at all times mentioned herein was, a corporation organized and existing under the laws of the State of California with its principal place of business located at 1065 E. Walnut Street, Suite A, Carson, California. Olsen is informed and believes and thereon alleges that F.P.D. is engaged in the business of marketing and selling perishable agricultural commodities in interstate and foreign commerce.

4. Olsen is informed and believes and thereon alleges that defendant Joseph Balcom is an individual who, at all times relevant herein, was the Chief Executive Officer, Chief Financial Officer, Secretary, Board Member and shareholder of F.P.D., who in that capacity controlled or was in the position to control the PACA Trust Assets and non PACA Trust assets of F.P.D., and who maintains a residence and/or principal place of business located within the jurisdictional boundaries of this court. Olsen is further formed and believes and thereon alleges that Balcom is, and at all times mentioned was, an insider with actual and constructive knowledge of the PACA Trust and the provisions relating thereto and was responsible for the daily management and control of F.P.D. and thereby a statutory trustee under PACA.

### III.

### COUNT ONE

**(Enforcement of Statutory Trust Provisions of PACA against All Defendants)**

5. Olsen realleges and incorporates by reference each and every allegation contained in paragraphs 1 through 4, inclusive, of this complaint as set forth above.

6. The perishable agricultural commodities that are the subject of this action were furnished and sold in contemplation of the course of interstate and/or foreign commerce.

7. Between November 30, 2012 and January 17, 2013, Olsen sold to defendants in interstate and/or foreign commerce, and defendants purchased, perishable

agricultural commodities (hereafter "Table Grapes") in the total amount of $434,533.00.

8. Olsen delivered the Table Grapes to defendants, who accepted them.

9. Pursuant to 7 U.S.C. §499e(c)(1-4) of PACA, upon defendants' receipt of the Table Grapes supplied by Olsen, Olsen became a beneficiary of a floating, non-segregated statutory trust on all of defendants' perishable agricultural commodities, all inventories of food or other products derived from perishable agricultural commodities, and any receivables or proceeds from the sale of such perishable agricultural commodities or products or assets derived therefrom ("PACA Trust Assets").

10. Olsen is informed and believes and thereon alleges that defendants, and each of them, are statutory trustees under PACA. PACA requires the corporate and individual defendants, and each of them, to hold and preserve such goods, inventories, proceeds and receivables in trust for the benefit of the PACA Trust beneficiaries, such as Olsen, until full payment has been made to them. Olsen is informed and believes and thereon alleges that defendants, while they were trustees of the PACA Trust, failed to maintain the trust assets and keep them available to satisfy defendants' obligations to Olsen in that defendants have failed to perform the requirements of said statutory trust provisions, expressed and implied, and have breached their fiduciary duties to maintain the PACA Trust Assets, in violation of the provisions of 7 U.S.C. §499b(4) of PACA.

11. Olsen is informed and believes and thereon alleges that during all times relevant herein, defendants transferred or converted the PACA Trust Assets to their own use and/or to an unknown third party or parties, in violation of their statutory duties under PACA to preserve the Trust Assets for the benefit of the PACA Trust beneficiaries. The statutory trust created by PACA gives priority to the interest of the PACA Trust and its beneficiaries on all inventories of products derived from perishable agricultural commodities and any receivables or proceeds from the sale of such commodities or products that have been transferred to secured or unsecured creditors.

12. At the time of the sales alleged in this complaint, Olsen held a valid PACA license issued by the United States Department of Agriculture. Olsen gave written notice

of its intent to preserve trust benefits to F.P.D. by including the statutory language required by 7 U.S.C. §499e(c)(4) on each of its invoices, and by sending those invoices to F.P.D.

13. F.P.D. failed to pay for the Table Grapes sold or delivered to it by Olsen.

14. Pursuant to 7 U.S.C. §499e(c), Olsen is an unpaid seller and supplier of perishable agricultural commodities who is entitled to PACA Trust protection and payment from defendants' PACA Trust Assets.

15. Olsen has suffered damages in principal sum of $434,533.00, plus interest from the date each invoice became past due at the rate of 1.5% per month and attorneys' fees as provided in the invoices.

16. Olsen seeks an order directing defendants to immediately pay to Olsen, as beneficiary of the PACA Trust, PACA Trust Assets equal to the sum of $434,533.00, plus interest from the date of each invoice became past due at the rate of 1.5% per month, attorneys' fees, and court costs.

WHEREFORE, plaintiff prays judgment against defendants as set forth below.

## IV.

## **PRAYER**

WHEREFORE, plaintiff prays judgment against defendants as follows:

**COUNT ONE**

1. For an order requiring defendants to immediately account and pay all PACA Trust Assets to Olsen in the principal sum of $434,533.00 plus interest at the rate of 1.5% per month;

2. For reasonable attorneys' fees according to proof;

3. For such other and further relief as the court may deem just and proper.

///

///

///

///

///

4

COMPLAINT

Dated: July 15, 2013

WILD, CARTER & TIPTON
A Professional Corporation

By _____
PATRICK J. GORMAN
Attorneys for The Chuck Olsen Co., Inc.

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

[FILED stamp: JUL 15 2013, CLERK, U.S. DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA, DEPUTY]

## NOTICE TO COUNSEL
(For use in Direct Assignment of Civil Cases to Magistrate Judges Program only)

*The court has directed that the following rules be specifically called to your attention:*

   I.   Notice of Right to Consent to Disposition of a Civil Case by a United States Magistrate Judge [28 U.S.C. § 636(c) and General Order 11-06].
   II.  Continuing Obligation to Report Related Cases (Local Rule 83-1.3.3)
   III. Service of Papers and Process (Local Rule 4)

I.  **NOTICE OF RIGHT TO CONSENT TO DISPOSITION OF A CIVIL CASE BY A UNITED STATES MAGISTRATE**

*Pursuant to Local Rule 73-2, the initiating party must serve this notice and consent form CV-11C on each party at the time of service of the summons and complaint or other initial pleading.*

This case has been randomly assigned to Magistrate Judge ___Segal___ under the Direct Assignment of Civil Cases to Magistrate Judges Program in accordance with General Order 11-06. The case number on all documents filed with the court must read as follows: ___CV13-5062___

The parties are advised that their consent is required if the above assigned magistrate judge is to conduct all further proceedings in the case, including trial and final entry of judgment pursuant to 28 U.S.C. § 636(c) and Federal Rule of Civil Procedure 73. Should the parties not consent to proceed before the above assigned magistrate judge, the case will be randomly reassigned to a district judge. If this occurs, the parties cannot later consent to reassignment of the case to any other magistrate judge.

**The parties are further advised that they are free to withhold consent without adverse substantive consequences. If the parties agree to the exercise of jurisdiction by the magistrate judge, the parties shall jointly or separately file a statement of consent setting forth such election. Except as provided in Local Rule 73-2.4.1.1, for cases originally filed in district court and initially assigned only to a magistrate judge, the statement of consent shall be filed within 42 days after service of the summons and complaint upon that defendant, and within 42 days by plaintiff after service upon the first-served defendant. If the United States, an agency of the United States, or an officer or employee of the United States is a defendant, the statement of consent shall be filed by the government defendant within 60 days after service of the summons and complaint upon that defendant.**

For cases removed from state court and initially assigned only to a magistrate judge, a joint or separate statements of consent shall be filed by plaintiff and all defendants upon whom service has been effected, within 14 days after the notice of removal is filed.

Since magistrate judges do not handle felony criminal trials, civil trial dates are not at risk of being preempted by a felony criminal trial, which normally has priority. Further, in some cases, the magistrate judge may be able to assign an earlier trial date than a district judge. There may be other advantages or disadvantages which you will want to consider.

Any appeal from a judgment of the magistrate judge shall be taken to the United States Court of Appeals in the same manner as an appeal from any other judgment of the district court in accordance with 28 U.S.C. §636(c)(3).

If a party has not consented to the exercise of jurisdiction by the magistrate judge within the time required by Local Rule 73-2, the case shall be randomly reassigned to a district judge and a magistrate judge shall be randomly assigned to the case as the discovery judge. (Local Rule 73-2.6)

You may contact the Civil Consent Case Coordinator at (213) 894-1871 or *consentcoordinator@cacd.uscourts.gov* if you have any questions about the Direct Assignment of Civil Cases to Magistrate Judges Program.

## II.    CONTINUING OBLIGATION TO REPORT RELATED CASES

Parties are under the continuing obligation to promptly advise the Court whenever one or more civil actions or proceedings previously commenced and one or more currently filed appear to be related.

Local Rule 83-1.3.3 states: "It shall be the continuing duty of the attorney in any case promptly to bring to the attention of the Court, by filing a Notice of Related Case(s) pursuant to Local Rule 83-1.3, all facts which in the opinion of the attorney or party appear relevant to a determination whether such action and one or more pending actions should, under the criteria and procedures set forth in Local Rule 83-1.3, be heard by the same judge."

Local Rule 83-1.2.1 states: "It is not permissible to dismiss and thereafter refile an action for the purpose of obtaining a different judge."

Local Rule 83-1.2.2 provides: Whenever an action is dismissed by a party or by the Court before judgment and thereafter the same or essentially the same claims, involving the same or essentially the same parties, are alleged in another action, the later-filed action shall be assigned to the judge to whom the first-filed action was assigned. It shall be the duty of every attorney in any such later-filed action to bring those facts to the attention of the Court in the Civil Cover Sheet and by the filing of a Notice of Related Case(s) pursuant to L.R. 83-1.3.

## III.   SERVICE OF PAPERS AND PROCESS

Local Rule 4-2 states: "Except as otherwise provided by order of Court, or when required by the treaties or statutes of the United States, process shall not be presented to a United States Marshal for service." Service of process must be accomplished in accordance with Rule 4 of the Federal Rules of Civil Procedure or in any manner provided by State Law, when applicable. Service upon the United States, an officer or agency thereof, shall be served pursuant to the provisions of FRCP 4(i). Service should be promptly made; unreasonable delay may result in dismissal of the action under Local Rule 41 and Rule 4(m) of the Federal Rules of Civil Procedure. Proof of service or a waiver of service of summons and complaint must be filed with the court.

## I. (a) PLAINTIFFS (Check box if you are representing yourself ☐)

The Chuck Olsen Co., a California corporation

## DEFENDANTS (Check box if you are representing yourself ☐)

F.P.D., Inc. a California corporation and Joseph Balcom, an individual

**(b) Attorneys** (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)

Patrick J. Gorman (SBN 131138) Wild, Carter & Tipton
246 W. Shaw Ave., Fresno, California 93704
(559) 224-2131

**(b) Attorneys** (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)

Joseph B. DiVincenzo  Remer, DiVincenzo & Griffith
2121 East Pacific Coast Highway, Suite 280
Corona Del Mar, CA 92625
(949) 759-0781

## II. BASIS OF JURISDICTION (Place an X in one box only.)

☐ 1. U.S. Government Plaintiff
☐ 2. U.S. Government Defendant
☒ 3. Federal Question (U.S. Government Not a Party)
☐ 4. Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES-For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. ORIGIN (Place an X in one box only.)

☒ 1. Original Proceeding
☐ 2. Removed from State Court
☐ 3. Remanded from Appellate Court
☐ 4. Reinstated or Reopened
☐ 5. Transferred from Another District (Specify)
☐ 6. Multi-District Litigation

## V. REQUESTED IN COMPLAINT: JURY DEMAND: ☐ Yes ☒ No (Check "Yes" only if demanded in complaint.)

**CLASS ACTION under F.R.Cv.P. 23:** ☐ Yes ☒ No    ☒ **MONEY DEMANDED IN COMPLAINT:** $ 434,533.00

## VI. CAUSE OF ACTION (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)

7 U.S.C. section 477e
PACA Trust Enforcement

## VII. NATURE OF SUIT (Place an X in one box only).

| OTHER STATUTES | CONTRACT | REAL PROPERTY CONT. | IMMIGRATION | PRISONER PETITIONS | PROPERTY RIGHTS |
|---|---|---|---|---|---|
| ☐ 375 False Claims Act | ☐ 110 Insurance | ☐ 240 Torts to Land | ☐ 462 Naturalization Application | **Habeas Corpus:** | ☐ 820 Copyrights |
| ☐ 400 State Reapportionment | ☐ 120 Marine | ☐ 245 Tort Product Liability | ☐ 465 Other Immigration Actions | ☐ 463 Alien Detainee | ☐ 830 Patent |
| ☐ 410 Antitrust | ☐ 130 Miller Act | ☐ 290 All Other Real Property | **TORTS** | ☐ 510 Motions to Vacate Sentence | ☐ 840 Trademark |
| ☐ 430 Banks and Banking | ☐ 140 Negotiable Instrument | **TORTS** | **PERSONAL PROPERTY** | ☐ 530 General | **SOCIAL SECURITY** |
| ☐ 450 Commerce/ICC Rates/Etc. | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | **PERSONAL INJURY** | ☐ 370 Other Fraud | ☐ 535 Death Penalty | ☐ 861 HIA (1395ff) |
| ☐ 460 Deportation |  | ☐ 310 Airplane | ☐ 371 Truth in Lending | **Other:** | ☐ 862 Black Lung (923) |
| ☐ 470 Racketeer Influenced & Corrupt Org. | ☐ 151 Medicare Act | ☐ 315 Airplane Product Liability | ☐ 380 Other Personal Property Damage | ☐ 540 Mandamus/Other | ☐ 863 DIWC/DIWW (405 (g)) |
| ☐ 480 Consumer Credit | ☐ 152 Recovery of Defaulted Student Loan (Excl. Vet.) | ☐ 320 Assault, Libel & Slander | ☐ 385 Property Damage Product Liability | ☐ 550 Civil Rights | ☐ 864 SSID Title XVI |
| ☐ 490 Cable/Sat TV |  | ☐ 330 Fed. Employers' Liability | **BANKRUPTCY** | ☐ 555 Prison Condition | ☐ 865 RSI (405 (g)) |
| ☐ 850 Securities/Commodities/Exchange | ☐ 153 Recovery of Overpayment of Vet. Benefits | ☐ 340 Marine | ☐ 422 Appeal 28 USC 158 | ☐ 560 Civil Detainee Conditions of Confinement | **FEDERAL TAX SUITS** |
| ☐ 890 Other Statutory Actions | ☐ 160 Stockholders' Suits | ☐ 345 Marine Product Liability | ☐ 423 Withdrawal 28 USC 157 | **FORFEITURE/PENALTY** | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☒ 891 Agricultural Acts |  | ☐ 350 Motor Vehicle | **CIVIL RIGHTS** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 871 IRS-Third Party 26 USC 7609 |
| ☐ 893 Environmental Matters | ☐ 190 Other Contract | ☐ 355 Motor Vehicle Product Liability | ☐ 440 Other Civil Rights | ☐ 690 Other |  |
| ☐ 895 Freedom of Info. Act | ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury | ☐ 441 Voting | **LABOR** |  |
| ☐ 896 Arbitration | ☐ 196 Franchise | ☐ 362 Personal Injury-Med Malpratice | ☐ 442 Employment | ☐ 710 Fair Labor Standards Act |  |
| ☐ 899 Admin. Procedures Act/Review of Appeal of Agency Decision | **REAL PROPERTY** | ☐ 365 Personal Injury-Product Liability | ☐ 443 Housing/ Accomodations | ☐ 720 Labor/Mgmt. Relations |  |
|  | ☐ 210 Land Condemnation | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | ☐ 445 American with Disabilities-Employment | ☐ 740 Railway Labor Act |  |
|  | ☐ 220 Foreclosure |  | ☐ 446 American with Disabilities-Other | ☐ 751 Family and Medical Leave Act |  |
| ☐ 950 Constitutionality of State Statutes | ☐ 230 Rent Lease & Ejectment | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 448 Education | ☐ 790 Other Labor Litigation |  |
|  |  |  |  | ☐ 791 Employee Ret. Inc. Security Act |  |

**FOR OFFICE USE ONLY:** Case Number: **CV13- 5062**

AFTER COMPLETING PAGE 1 OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED ON PAGE 2.

CV-71 (02/13)    CIVIL COVER SHEET    Page 1 of 2

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed?  ☒ NO  ☐ YES

If yes, list case number(s): _____

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case?  ☒ NO  ☐ YES

If yes, list case number(s): _____

**Civil cases are deemed related if a previously filed case and the present case:**

(Check all boxes that apply)  ☐ A. Arise from the same or closely related transactions, happenings, or events; or

☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or

☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or

☐ D. Involve the same patent, trademark or copyright, and one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named plaintiff resides.

☐ Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Tulare County | |

(b) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named defendant resides.

☐ Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles County | |

(c) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** claim arose.
**NOTE: In land condemnation cases, use the location of the tract of land involved.**

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles County | |

*Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties
Note: In land condemnation cases, use the location of the tract of land involved

**X. SIGNATURE OF ATTORNEY (OR SELF-REPRESENTED LITIGANT):** _[signature]_   DATE: 7/12/13

**Notice to Counsel/Parties:** The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet).

**Key to Statistical codes relating to Social Security Cases:**

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405 (g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405 (g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405 (g)) |