1
2
3
4
5
6
7

8    UNITED STATES DISTRICT COURT
     CENTRAL DISTRICT OF CALIFORNIA
9

10   THE CHUCK OLSEN CO INC

11            Plaintiff(s),
                                        CASE NO:
12        v.                            2:13−cv−05062−DMG−E

     F P D INC , et al.
13                                      SCHEDULING MEETING OF
                                        COUNSEL
14                                      (Fed. R. Civ. P. 16,26(f))

15            Defendant(s).            SCHEDULING CONFERENCE
                                        set for:
16

17   _____

18

19        This case has been assigned to the calendar of United States District Judge

20   Dolly M. Gee. The responsibility for the progress of litigation in the federal courts

21   falls not only upon the attorneys in the action, but upon the court as well.

22        In order "to secure the just, speedy, and inexpensive determination of every

23   action," (Fed. R. Civ. P. 1), all counsel are hereby ordered to familiarize

24   themselves with the Federal Rules of Civil Procedure and the Local Rules of the

25   Central District of California.

26   ///

27   ///

28   ///

−1−

A Scheduling Conference is set for the date and time set forth in the caption.[1] Counsel shall meet at least twenty–one (21) days in advance of the Scheduling Conference to prepare a jointly signed report for the court to be submitted no less than fourteen (14) days before the Scheduling Conference. The report is to contain the items set forth below. Pursuant to Fed. R. Civ. P. 16(c), the parties shall be represented by counsel with authority to enter into stipulations regarding all matters pertaining to conduct of the case.

The joint report to be submitted shall contain the items listed in Fed. R. Civ. P. 26(f), the parties' recommendations and agreements, if any, about the final scheduling order as listed in Fed. R. Civ. P. 16(b)(1) through (6), and those items listed in Fed. R. Civ. P. 16(c) which counsel believe will be useful to discuss at the Scheduling Conference. Items which must be addressed are the following:

(1)   initial disclosures, preservation of discoverable informaion, and a discovery plan, including a listing and proposed schedule of written discovery, depositions, and a proposed discovery cut–off date;

(2)   a listing and proposed schedule of law and motion matters, and a proposed dispositive motion cut–off date;

(3)   a statement of what efforts have been made to settle or resolve the case to date and what settlement procedure is recommended pursuant to Local Rule 16–15.4 (specifically excluding any statement of the terms discussed);

(4)   an estimated length of trial and proposed date for the final pretrial conference and for trial;

(5)   a discussion of other parties likely to be added;

///

---

[1]Unless there is a likelihood that upon motion by a party the Court would order that any or all discovery is premature, it is advisable for counsel to begin to conduct discovery actively before the Scheduling Conference required by Fed. R. Civ. P. 16(b). At the very least, the parties shall comply fully with the letter and spirit of Fed. R. Civ. P. 26(a) and thereby obtain and produce most of what would be produced in the early stage of discovery, because at the Scheduling Conference the Court will impose tight deadlines to complete discovery.

(6)   whether a trial will be by jury or to the court;

(7)   any other issues affecting the status or management of the case; and

(8)   proposals regarding severance, bifurcation or other ordering proof.

In addition, the Scheduling Conference Report shall contain the following:

(1)   a short synopsis of the principal issues in the case;

(2)   a statement of whether pleadings are likely to be amended;

(3)   a statement as to issues which any party believes may be determined by motion.

At the Scheduling Conference, the court will set a date for discovery cut–off,[2] a final date by which motions must be filed and served, a final pretrial conference date, and a trial date.

To facilitate the scheduling process, counsel shall **complete the Schedule of Pretrial and Trial Dates form attached as Exhibit A to this Order and attach it to the Joint Rule 26(f) Report**. The Court urges the parties to make every effort to agree upon joint dates and deadlines. The entries in the "Time Computation" column reflect what the Court believes are appropriate for most cases and will allow the Court to rule on potentially dispositive motions sufficiently in advance of the final pretrial conference. The form is designed to enable counsel to ask the Court to set different (earlier) last dates by which the key requirements must be completed.

A continuance of the Scheduling Conference will be granted only for good

///

///

[2]This is not the date by which discovery requests must be served; but the date by which all discovery is to be completed. Any motion challenging the adequacy of discovery responses must be filed timely, served and calendared sufficiently in advance of the discovery cut–off date to permit the responses to be obtained before that date, if the motion is granted. The Court requires compliance with Local Rule 37–1 and 37–2 in the preparation and filing of discovery motions. Except in the case of an extreme emergency which was not created by the lawyer bringing the motion, discovery motions may not be heard on an *ex parte* basis.

cause. **The failure to submit a joint report in advance of the Scheduling Conference or the failure to attend the Scheduling Conference may result in the dismissal of the action, striking the answer and entering a default, and/or the imposition of sanctions.**

An alternative dispute resolution (ADR) procedure appropriate to the particular case will be used in every civil action pursuant to Local Rule 16–15.1. In the Scheduling Conference Report, counsel are to recommend a specific ADR procedure provided for in Local Rule 16–15 which will be utilized in this case. See L.R. 26–1(c). If counsel have received a Notice to Parties of Court–Directed ADR Program (ADR–08), the case will be presumptively referred to the Court Mediation Panel or to private mediation. *See* General Order 11–10, § 5.1. Nonetheless, available alternatives for consideration, not to the exclusion of others, include:

(1)   a settlement conference before the magistrate or district judge assigned to this case (Local Rule 16–15.4(1));

(2)   appearance before an attorney selected from the Attorney Settlement Officer Panel (Local Rule 16–15.4(2));

(3)   appearance before a retired judicial officer or other private or non–profit dispute resolution body for non–judicial settlement or mediation proceedings (Local Rule 16–15.4(3));

(4)   such other settlement mechanism proposed by the parties and approved by the court.

The report to the court as to the above items should be preceded by a thorough and frank discussion among the attorneys for the parties. A Joint Scheduling Report which does not comply with Fed. R. Civ. P. 16, 26(f), and this Order may cause continuance of the Scheduling Conference and a possible award of sanctions under Rule 16(f) against the party or parties responsible. **A conformed courtesy copy** of the Joint Report shall be delivered to the

Courtroom Deputy Clerk at the Clerk's Office, Room G–19, **by 12:00 p.m. on the business day following e–filing.**

Counsel for plaintiff shall immediately serve this Order on all parties, including any new parties to the action.

The Court appreciates Counsel's anticipated cooperation and compliance with this Order.

**IT IS SO ORDERED.**

DATED: November 14, 2013

_____
Dolly M. Gee
United States District Judge

revised March 20, 2012

Judge Dolly M. Gee

## SCHEDULE OF PRETRIAL & TRIAL DATES WORKSHEET

Case No. _____

Case Name: _____

| MATTER | JOINT REQUESTED DATE or PLNTF/DEFT REQUESTED DATE | TIME |
|---|---|---|
| **TRIAL** [ ] Court [ ] Jury<br><br>Duration Estimate: | (Tuesday) | 8:30 a.m. |
| **FINAL PRETRIAL CONFERENCE ("FPTC")**<br><br>4 wks before trial | (Tuesday) | 2:00 p.m. |

| MATTER | TIME COMPUTATION | JOINT REQUESTED DATE or PLNTF/DEFT REQUESTED DATE |
|---|---|---|
| Amended Pleadings and Addition of Parties Cut–Off (includes hearing of motions to amend) | 90 days after scheduling conf | |
| Non–Expert Discovery Cut–Off (includes hearing of discovery motions) | at least 14 wks before FPTC | |
| Motion Cut–Off (filing deadline) | at least 13 wks before FPTC | |
| Initial Expert Disclosure & Report Deadline | at least 9 wks before FPTC | |
| Rebuttal Expert Disclosure & Report Deadline | at least 5 wks before FPTC | |
| Expert Discovery Cut–Off (includes hearing of discovery motions) | at least 3 wks before FPTC | |
| Settlement Conference Completion Date | at least 4 wks before FPTC | |
| Motions in Limine Filing Deadline | at least 3 wks before FPTC | |
| Opposition to Motion in Limine Filing Deadline | at least 2 wks before FPTC | |
| Other Dates: (e.g., class cert motion cut–off, early mediation, etc.) | at least 90 days after complaint served (unless longer time justified) | |

## EXHIBIT A