Patrick J. Gorman (SBN 131138)
WILD, CARTER & TIPTON
246 West Shaw Avenue
Fresno, California 93704
Telephone (559) 224-2131
Fax (559) 229-7295
e-mail: pgorman@wctlaw.com

Robert A. Curtis (SBN 203870)
FOLEY BEZEK BEHLE & CURTIS, LLP
15 West Carrillo Street
Santa Barbara, California 93101
Telephone (805) 962-9495
Facsimile (805) 962-0722
Email: rcurtis@foleybezek.com

Attorneys for Plaintiff The Chuck Olsen Company, Inc. and Third Party Defendants Chuck Olsen and Dave Perez

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**WESTERN DIVISION**

| | |
|---|---|
| THE CHUCK OLSEN CO., INC., a California corporation<br><br>Plaintiff,<br><br>vs.<br><br>F.P.D., INC. a California corporation; and JOSEPH BALCOM, an individual<br><br>Defendants.<br><br>AND RELATED CROSS-ACTIONS | Case No.: CV13-05062-DMG<br><br>**REVISED MOTION IN LIMINE NO. 3 OF PLAINTIFF, THE CHUCK OLSEN COMPANY, INC., REGARDING DEFENDANTS' DESIGNATED EXPERT, ROBERT WHITNEY AND SEEKING HEARING AS TO ADMISSIBILITY OF PURPORTED EXPERT TESTIMONY**<br><br>[Fed. Rule of Evidence, Rule 702]<br><br>Trial: August 25, 2015 |

COMES NOW Plaintiff, THE CHUCK OLSEN COMPANY, INC., and moves the Court for an order in limine, restricting opposing counsel and witnesses called on behalf of Defendants, F.P.D., Inc. and JOSEPH BALCOM, from mention of certain matters, and in support of this motion, states the following:

1. The matters described in Paragraph 3 below are likely not admissible in evidence

-1-

Revised Motion in Limine of Plaintiff, The Chuck Olsen Company, Inc. Regarding Testimony By Defendants' Designated Expert, Robert Whitney

for any purpose and have no bearing on the issues or the rights of the parties in this case.

2. If Defendants' designated expert is allowed to comment to jurors or prospective jurors or offers evidence concerning any of these matters it would prejudice the jury, and sustaining objections to such questions, statements, or evidence will not prevent prejudice but will reinforce the impact of inadmissible material.

3. The material made the subject of this motion are several expert "opinions" contained in Defendants' designated expert, Robert Whitney's report. Those opinions include the following:

(a) "occasionally, in the fresh produce industry, individuals working for a company may attempt to engage in transactions outside of the authority of the company or to do 'side deals'." [Docket No. 90, Exh. A, p.3.]

(b) "The presence of a name on a Blue Book listing does not indicate that the person is necessarily authorized to purchase of sell produce on behalf of the company. Company 'listings' in the Blue Book often include employees that are not in charge of selling or purchasing products, such accounting managers or operations personnel." [Docket 90, Exh. A, p. 4.]

(c) "The California Department of Food and Agriculture, CDFA, issues licenses to produce companies and to persons within those produce companies. In my experience, the CDFA monitors company listings in the Blue Book, and if a name appears in the Blue Book listing, the CDFA will send a notice to that company stating that the new named person should apply for a license with the CDFA. A person who obtains a license from the CDFA is not necessarily authorized by his company to engage in the purchases and sale of fresh produce. In other words, the licenses are not limited to sales people." [Docket No. 90, Exh. A, p. 4-5.]

4. Plaintiff believes and contends that such material is inadmissible because this expert lacks foundation for said "opinions" and for failure to comply with Federal Rules of Evidence, Rules 702 and authorities construing and applying same.

Revised Motion in Limine of Plaintiff, The Chuck Olsen Company, Inc. Regarding Testimony By Defendants' Designated Expert, Robert Whitney

5.  Movant requests the Court prohibit such testimony in accordance with the Court's well-established role as gatekeeper with regard to expert testimony.

WHEREFORE, Plaintiff, THE CHUCK OLSEN COMPANY, INC., requests that this Court order that counsel for Defendants, F.P.D., Inc. and JOSEPH BALCOM, and, through counsel, any and all witnesses called on its behalf, be instructed to refrain from any mention or interrogation, directly or indirectly, in any manner whatsoever, including the offering of documentary evidence, regarding any of the matters set forth in this motion.

Date: August 4, 2015

WILD, CARTER & TIPTON

/s/ Patrick J. Gorman

_____
PATRICK J. GORMAN
Attorneys for The Chuck Olsen Company,
Dave Perez and Chuck Olsen

Revised Motion in Limine of Plaintiff, The Chuck Olsen Company, Inc. Regarding Testimony By Defendants' Designated Expert, Robert Whitney

# MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION IN LIMINE OF PLAINTIFF, THE CHUCK OLSEN COMPANY, INC., REGARDING DEFENDANTS' DESIGNATED EXPERT, ROBERT WHITNEY AND SEEKING HEARING AS TO ADMISSIBILITY OF PURPORTED EXPERT TESTIMONY

COMES NOW Plaintiff, THE CHUCK OLSEN COMPANY, INC., and submits the following points and authorities in support of its motion in limine regarding Defendants' designated expert, Robert Whitney.

## I
## STATEMENT OF FACTS

This action sounds in contract and seeks to enforce a Perishable Agricultural Commodities Act (PACA) trust to recover damages from Defendants for their failure to pay for perishable agricultural commodities ordered by their agent, Joseph Pisciotta. Defendants deny Mr. Pisciotta was authorized to purchase the commodities in question. Plaintiff contends that he was so authorized, or at least possessed ostensible authority of Defendants to make the purchases. Defendants contend that Plaintiff knew or should have known that Mr. Pisciotta was not so ostensibly authorized.

Prior to trial, discovery and pretrial proceedings have been had in which Defendants have designated an expert witness named Robert Whitney, and have sought to introduce into evidence his testimony including expert "opinion." In connection with hearing of Plaintiff's dispositive motion, the court previously sustained an objection by plaintiff to specified testimony of Mr. Whitney on the basis same did not qualify as proper expert opinion testimony pursuant to Federal Rules of Evidence, Rule 702.

## II
## GENERAL AUTHORITY

Motions in limine should result in orders designed to avoid the obviously futile attempt to unring the bell (language borrowed from Hyatt v. Sierra Boat Co. (1978) 79 Cal.App.3d 325, 337 [145 Cal.Rptr. 47]). The purpose of such orders in limine is to bar "… reference to matters

-4-

Revised Motion in Limine of Plaintiff, The Chuck Olsen Company, Inc. Regarding Testimony By Defendants' Designated Expert, Robert Whitney

1 previously ruled inadmissible 'with the sole purpose of bringing to the jury something it should
2 not have heard.'" Anheuser-Busch v. Natural Beverage Distributors, 69 F.3d 337 (9th Cir. 1995),
3 citing County of Maricopa v. Maberry, 555 F.2d 207, 219 (9th Cir. 1977).

### III

### NO REFERENCE TO, NOR ATTEMPT TO ELICIT,

### PURPORTED EXPERT TESTIMONY FROM ROBERT WHITNEY

Rule 702 of the Federal Rules of Evidence provides that:

> "A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify there in the form of an opinion or otherwise if:
> (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;
> (b) the testimony is based on sufficient facts or data;
> (c) the testimony is the product of reliable principles and methods; and
> (d) the expert has reliably applied the principles and methods to the facts of the case."

As noted by this Court in its ruling upon Plaintiff's dispositive motion dated September 17, 2014:

> "Defendants offer testimony from their expert Robert Whitney on the rarity of accepting cashier's checks as payment in the perishable agricultural commodities industry. (See Declaration of Robert Whitney ("Whitney Decl.") ¶ 5.) Olsen objects to the testimony on the grounds that it is improper expert testimony, Fed. R. Evid. 702. (Olsen Objections, Whitney Declaration No. 3.) **The Court agrees**. [emphasis added.]
>
> Federal Rule of Evidence 702 allows expert testimony if the expert's "scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue." Fed. R. Evid. 702(a). Rule 702 "require[s] that the judge apply [her] gatekeeping role . . . to all forms of expert testimony, not just scientific testimony," and "judges are entitled to broad discretion when discharging their gatekeeping function." Hangarter v. Provident Life & Acc. Ins. Co., 373 F.3d 998, 1017 (9th Cir. 2004) (internal quotation marks omitted). The trial court has a "special obligation to determine the relevance and reliability of an expert's testimony." Elsayed Mukhtar v. California State Univ., Hayward, 299 F.3d 1053, 1063 (9th Cir. 2002), overruled on other grounds, Estate of Barabin v. AstenJohnson, Inc., 740 F.3d 457 (9th Cir. 2014).
>
> This assessment includes consideration of (1) the scientific validity of the reasoning or methodology underlying the testimony, and (2)

-5-

Revised Motion in Limine of Plaintiff, The Chuck Olsen Company, Inc. Regarding Testimony By Defendants' Designated Expert, Robert Whitney

whether that reasoning or methodology can be applied to the facts at issue, or the "fitness" requirement. See Daubert v. Merrell Dow Pharm., 509 U.S. 579, 113 24 S. Ct. 2786, 125 L. Ed. 2d 469 (1993). Reliable testimony must be "grounded in the methods and procedures of science and signify something beyond 'subjective belief or unsupported speculation.'" S.F. Baykeeper v. West Bay Sanitary Dist., 791 F. Supp. 2d 719, 736 (N.D. Cal. 2011) (citing Daubert, 509 16 U.S. at 590); see also Abarca v. Franklin Cnty. Water Dist., 761 F. Supp. 2d 1007, 1021 17 (E.D. Cal. 2011). Here, the basis for Whitney's assertion that payment via cashier's check is rare in the industry is his "experience with Veg Fresh Farms, LLC," where they "receive about 500 checks per month" and have received "one single payment by cashier's check in that entire time." (See Whitney Decl. ¶ 5.) **Extrapolating an entire industry's practice from one's personal experience with one business clearly does not meet Rule 702's reliable reasoning or methodology requirement. Therefore, the Court excludes Whitney's testimony on this subject**." Order Re Plaintiff's Motion For Partial Summary Judgment [DOC. # 43], p. 7, fn. 6. [emphasis added.]

### A. Mr. Whitney Lacks Foundation For Several Specific Opinion

Although it is not precisely known what testimony Defendants may seek to elicit from Mr. Whitney at trial, it is reasonably anticipated that any purported expert testimony would suffer from the same methodological failing as is cited in the court's earlier ruling – – namely, that Mr. Whitney should not be allowed to testify regarding purported industry practice based on no more than his personal experience with a single business entity.

To that end, the following specific "opinions" suffer from a lack of foundation as well as lack of reliability under Rule 702.

(a) "occasionally, in the fresh produce industry, individuals working for a company may attempt to engage in transactions outside of the authority of the company or to do 'side deals'." [Docket No. 90, Exh. A, p.3.]

(b) "The presence of a name on a Blue Book listing does not indicate that the person is necessarily authorized to purchase of sell produce on behalf of the company. Company 'listings' in the Blue Book often include employees that are not in charge of selling or purchasing products, such accounting managers or operations personnel." [Docket 90, Exh. A, p. 4.]

-6-

Revised Motion in Limine of Plaintiff, The Chuck Olsen Company, Inc. Regarding Testimony By Defendants' Designated Expert, Robert Whitney

1  (c) "The California Department of Food and Agriculture, CDFA, issues licenses to
2  produce companies and to persons within those produce companies. In my experience, the
3  CDFA monitors company listings in the Blue Book, and if a name appears in the Blue Book
4  listing, the CDFA will send a notice to that company stating that the new named person should
5  apply for a license with the CDFA. A person who obtains a license from the CDFA is not
6  necessarily authorized by his company to engage in the purchases and sale of fresh produce. In
7  other words, the licenses are not limited to sales people." [Docket No. 90, Exh. A, p. 4-5.]

8  Nowhere in Mr. Whitney's CV or Report does he establish a foundation for purporting to
9  know the inside workings and procedures used by the Blue Book or the CDFA. Mr. Witney has
10 never worked for the Blue Book nor the CDFA. His experience working as a CPA and then a
11 CFO at a single produce company is not sufficient to qualify him to render these "opinions."

**B.  Mr. Whitney Testimony Regarding the CDFA is Contrary To The Law**

Indeed, Defendants intend to use Mr. Whitney's testimony to argue the law, argue the facts, and essentially advocate for the Defendants on the ultimate issues of fact and law. For example, one of the key issues in this litigation will be whether Balcom and FPD are responsible for the acts of Pisciotta as a CDFA licensee. To this regard, Mr. Whitney's report states "A person who obtains a license from the CDFA is not necessarily authorized by his company to engage in the purchases and sale of fresh produce. In other words, the licenses are not limited to sales people." [Docket No. 90, Exh. A, p. 4-5.] This is contrary to the law and the wording of the CDFA license itself which states ""The principal licensee is responsible for the actions of his/her agents. It is the responsibility of the principal to secure the surrender of the agent's license upon termination of employment." Such testimony would also be in direct contradiction to findings made by the Court in the Order Re: Plaintiff's Motion for Partial Summary Judgment:

> "The following facts support a finding that Pisciotta possessed ostensible authority to enter into the transactions. First, FPD held Pisciotta out as one of its agents to the government and to the public. It is undisputed that FPD sought and obtained a license from the California Department of Food and Agriculture Enforcement Branch for Pisciotta to act as its agent, and listed him along with other FPD agents in its Blue Book profile." [Doc. 63 p. 10:8-13].

-7-

Revised Motion in Limine of Plaintiff, The Chuck Olsen Company, Inc. Regarding Testimony By Defendants' Designated Expert, Robert Whitney

## IV

## CONCLUSION

For all the foregoing reasons Plaintiff submits its motion in limine should be granted and the requested order should issue.

Date: August 4, 2015

                  WILD, CARTER & TIPTON

                  /s/ Patrick J. Gorman

                  PATRICK J. GORMAN
                  Attorneys for The Chuck Olsen Company,
                  Dave Perez and Chuck Olsen

-8-

Revised Motion in Limine of Plaintiff, The Chuck Olsen Company, Inc. Regarding Testimony By Defendants' Designated Expert, Robert Whitney

## Certificate of Service

I HEREBY CERTIFY that a copy of the foregoing was served electronically to all parties on the above captioned at the electronic address as disclosed with the Court, or by depositing same in the U.S. Mail, postage pre-paid and properly addressed on this day, August 4, 2015.

/s/ Mary Cooper
Mary Cooper