Patrick J. Gorman (SBN 131138)
WILD, CARTER & TIPTON
246 West Shaw Avenue
Fresno, California 93704
Telephone (559) 224-2131
Fax (559) 229-7295
e-mail: pgorman@wctlaw.com

Robert A. Curtis (SBN 203870)
FOLEY BEZEK BEHLE & CURTIS, LLP
15 West Carrillo Street
Santa Barbara, California 93101
Telephone (805) 962-9495
Facsimile (805) 962-0722
Email: rcurtis@foleybezek.com

*Attorneys for Plaintiff and Third Party Defendant The Chuck Olsen Company, Inc., and Third Party Defendants Chuck Olsen and Dave Perez*

WILD, CARTER & TIPTON
246 WEST SHAW AVENUE
FRESNO, CALIFORNIA 93704
TELEPHONE (559) 224-2131

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
### WESTERN DIVISION

| | |
|---|---|
| THE CHUCK OLSEN CO., INC., a California corporation<br><br>Plaintiff,<br><br>vs.<br><br>F.P.D., INC. a California corporation; and JOSEPH BALCOM, an individual<br><br>Defendants.<br><br>AND RELATED CROSS-ACTIONS | Case No.: CV13-05062-DMG<br><br>**MOTION IN LIMINE NO. 4 OF THIRD PARTY DEFENDANTS, CHUCK OLSEN AND DAVE PEREZ REGARDING INTRODUCTION OF THIRD PARTY PLAINTIFFS F.P.D. INC.'S AND JOSEPH BALCOM'S ALLEGED DEFAMATION DAMAGES**<br><br>[F.R.C.P. 26 and 37]<br><br>Motion in Limine Deadline: April 14, 2015<br>Pre-Trial Conference: July 28, 2015<br>Trial: August 25, 2015 |

1

Third Party Defendants' Motion in Limine No. 4 Re: Alleged Defamation Damages

COME NOW Third Party Defendants Chuck Olsen and Dave Perez ("Third Party Defendants"), and move the Court for an order *in limine*, restricting opposing counsel and witnesses called on behalf of Third Party Plaintiffs, F.P.D., Inc. and Joseph Balcom (collectively "Third Party Plaintiffs"), from introducing any and all evidence, reference to evidence, testimony, or argument that Third Party Plaintiffs suffered any defamation damages.

Third Party Defendants recognize that this Motion is being filed after the deadline to file Motions *in Limine*; but, the need for this motion was just brought to Third Party Defendants' attention at the recent Pretrial Conference.

This Motion is based on the fact that throughout pretrial discovery, Third Party Plaintiffs have not provided any facts or evidence—in their initial disclosures, responses to interrogatories, or deposition testimony—of any actual defamation damages; yet, Third Party Plaintiffs intend to introduce evidence of defamation damages at trial. Third Party Plaintiffs' grounds are that "things have happened since Mr. Balcom's deposition that show F.P.D. has been damaged." But, even if "things have happened" since Mr. Balcom's June 11, 2014 deposition, Third Party Plaintiffs had a duty under F.R.C.P. 26(e) to amend their discovery responses. Because their discovery responses were never amended, facts of damages were not disclosed during pretrial discovery; and thus, Third Party Plaintiffs should be barred from introducing any evidence, reference to evidence, testimony, or argument that they suffered any defamation damages.

WHEREFORE, Third Party Defendants, Chuck Olsen and Dave Perez, request that this Court order that counsel for Third Party Plaintiffs, F.P.D., Inc. and Joseph Balcom, and, through counsel, any and all witnesses called on their behalf, be instructed to refrain from introducing any and all evidence, reference to evidence, testimony, or argument that they suffered any defamation damages.

Dated: August 20, 2015

**WILD, CARTER & TIPTON**

   /s/ Patrick J. Gorman
PATRICK J. GORMAN
Attorneys for The Chuck Olsen Company,
Dave Perez and Chuck Olsen

3

## MEMORANDUM OF POINTS AND AUTHORITIES

Third Party Defendants, Chuck Olsen and Dave Perez ("Third Party Defendants"), submit the following points and authorities in support of their motion *in limine* regarding Third Party Plaintiffs, F.P.D., Inc.'s and Joseph Balcom's (collectively "Third Party Plaintiffs") alleged defamation damages.

### I. INTRODUCTION

Third Party Defendants recognize that this motion *in limine* is filed after the deadline to file motions *in limine*; however, the need for this motion was just brought to Third Party Defendants' attention at the recent Final PretrialConference. At that -Conference, when inquired by the Court about Third Party Plaintiffs' defamation damages, counsel for Third Party Plaintiffs, Mr. Joseph DiVincenzo, stated that "things have happened since Mr. Balcom's deposition that show F.P.D. has been damaged." The problem with Mr. DiVincenzo's statement is that during pretrial discovery, F.P.D. did not identify any actual defamation damages that it has suffered. Specifically, Third Party Plaintiffs did not identify any defamation damages as part of (a) their initial disclosures (b) responses to written interrogatories, and (c) responses to deposition questions.

To the extent that new facts developed after their initial disclosures and interrogatory responses were served and after the deposition of Mr. Balcom took place, Third Party Plaintiffs were obligated to amend their discovery responses and disclose those facts. FRCP 26(e). They never did so.

What Third Party Plaintiffs are attempting is nothing more than a trial by ambush, something that the discovery rules were designed to protect. *Goins v. Cnty. of Merced*, 2015 U.S. Dist. LEXIS 85049 (E.D. Cal. 2015) ("The federal rules of discovery are designed to narrow and clarify the issues and to give the parties mutual knowledge of all relevant facts, thereby preventing surprise…a disregard for the federal discovery rules creates the exact trial by ambush which

those rules are designed to prevent") (internal quotations omitted). Consequently, Third Party Plaintiffs should be barred from introducing any and all evidence, reference to evidence, testimony, or argument that they suffered any defamation damages.

## II. STATEMENT OF FACTS

On or about January 27, 2013, Third Party Plaintiffs served their Initial Disclosures. Curtis Decl.,[1] Exh. A. They did not identify any defamation damages.

On June 11, 2014, Mr. Joseph Balcom was deposed. In that deposition, Mr. Balcom was questioned about the Third Party Complaint and the damages he and F.P.D. have allegedly suffered as a result of alleged defamation by the Third Party Defendants. While Mr. Balcom spoke in generalities that he and F.P.D. had been harmed, he was not actually able to identify any damages that resulted from any actions of the Third Party Defendants. Specifically, he testified that while he had a few suppliers ask him about the allegedly defamatory statements, those suppliers still entered into transactions with the Third Party Plaintiffs. See Curtis Decl., Exh. B (168:15-169:10; 174:21-176:5). Mr. Balcom could not identify a single transaction that the Third Party Plaintiffs were unable to consummate as a result of the alleged defamation, and thus, could not identify any damages. Mr. Balcom also testified that F.P.D's BlueBook credit rating was not affected by the alleged defamation. Curtis Decl., Exh. B (168:11-169:10).

Two days later, on June 13, 2014, F.P.D., Inc. responded to Special Interrogatories Propounded by Third Party Defendant, Chuck Olsen. Just like Mr. Balcom's deposition testimony in which he testified that suppliers asked him about the allegedly defamatory statements but he could not identify any actual loss

---

[1] "Curtis Decl." refers to the Declaration of Robert A. Curtis in Support of Motion in Limine of Third Party Defendants, Chuck Olsen and Dave Perez, Regarding Defamation Damages.

of business, Third Party Plaintiffs, in response to interrogatories, could not identify any actual loss of business. Specifically, Chuck Olsen, in Interrogatory No. 23, requested for the Third Party Plaintiffs to:

> Please state all facts support[ing] the allegations as set forth in paragraph 57 of [Third Party Plaintiffs'] Third Party Complaint which states "As a proximate result of the reports, statements, communications, and publications by [Third Party Defendant], Olsen Company and PEREZ, F.P.D. and BALCOM have been damaged in an amount shown according to proof. Additionally, Third Party Defendants are liable for slander and libel per se and for statutory and common law penalties, damages, damage multipliers, and assessments." See Curtis Decl., Exh. C (14:20-25).

In response, Third Party Plaintiffs stated that:

> It is difficult to gage the impact that Olsen's false communications have caused to F.P.D. and Balcom. It is counterproductive to conduct a poll of persons in the produce industry. However, persons doing business and persons who formerly did business with F.P.D. and Balcom have inquired about the allegations and have requested additional assurance and explanation in order for F.P.D. to continue to do business with them. See Curtis Decl., Exh. C (15:3-7).

## III. ARGUMENT

Discovery and pretrial procedures are intended to "make a trial less a game of blind man's bluff and more a fair contest with the basic issues and facts disclosed to the fullest practicable extent." *United States v. Proctor*, 356 U.S. 677, 682 (1958). In support of this intention, FRCP 26(a) mandates that as part of a party's initial disclosures, it must provide "a computation of each category of damages claimed by the disclosing party..." FRCP 26(a). FRCP 26(e) continues, stating that "a party who has made a disclosure under Rule 26(a)—or who has responded to an interrogatory ... must supplement or correct its disclosure or response ... in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or

corrective information has not otherwise been made known to the other parties during the discovery process or in writing..." FRCP 26(e).

When a party fails to disclose or supplement its discovery responses in accordance with Rule 26(a) and (e), Rule 37(c) provides the remedy:

> If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence . . . at a trial, unless the failure was substantially justified or is harmless. In addition to or instead of this sanction, the court, on motion and after giving an opportunity to be heard: (A) may order payment of the reasonable expenses, including attorney's fees, caused by the failure; (B) may inform the jury of the party's failure; and (C) may impose other appropriate sanctions, including any of the orders listed in Rule 37(b)(2)(A)(i)-(vi).

*Id.* at Rule 37(c)(1) (emphasis added). The Ninth Circuit "give[s] particularly wide latitude to the district court's discretion to issue sanctions under Rule 37(c)(1)." *Yeti by Molly Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1106 (9th Cir. 2001). Rule 37(c)(1)'s exclusionary sanction has been characterized by the Ninth Circuit and the advisory committee notes as "automatic" and "self-executing." *Id.* ("The Advisory Committee Notes describe it [Rule 37(c)(1)] as a 'self-executing,' 'automatic' sanction to 'provide[] a strong inducement for disclosure of material.'") (alteration in original). However, "[t]wo express exceptions ameliorate the harshness of Rule 37(c)(1): The information may be introduced if the parties' failure to disclose the required information is substantially justified or harmless." *Id.*

Here, as addressed above, Third Party Plaintiffs, during pre-trial discovery, never disclosed their damages suffered as a result of the alleged defamation. And Third Party Plaintiffs never amended their discovery responses. Curtis Decl., ¶ 4.

WILD, CARTER & TIPTON
246 WEST SHAW AVENUE
FRESNO, CALIFORNIA 93704
TELEPHONE (559) 224-2131

Thus, pursuant to Rule 37(c), Third Party Plaintiffs should be barred from introducing any evidence of defamation damages.[2]

None of the express exceptions ameliorate Rule 37(c)'s preclusive effect here. Third Party Plaintiffs have not explained how their failure to provide such information prior to the discovery cut-off was substantially justified. Nor can Third Party Plaintiffs argue that such failure to disclose is harmless. There is no doubt that Third Party Defendants will be greatly surprised at trial and would not be able to reasonably prepare for trial without knowing what Third Party Plaintiffs' damages are for defamation. Trial would be greatly disrupted because the parties would not be presenting their cases on an equal footing.

## IV. CONCLUSION

For all the foregoing reasons, Third Party Defendants respectfully request that the Court enter an *in limine* order barring Third Party Plaintiffs from introducing any and all evidence, reference to evidence, testimony, or argument that Third Party Plaintiffs suffered any defamation damages.

---

[2] To the extent that Third Party Plaintiffs claim that the information will come from Mr. Jim Johnson who Mr. Balcom referenced in his deposition, Mr. Johnson was not sufficiently disclosed for the trial. "The mere mention of an individual during a deposition is insufficient to place the opposing party on notice that that individual would be called at trial." *Sanchez v. California*, 2015 U.S. Dist. LEXIS 60801, *30 (E.D. Cal. May 7, 2015), citing *Ollier v. Sweetwater Union High School Dist*, 267 F.R.D. 339, 343 (S.D. Cal. 2010) aff d, 768 F.3d 843 (9th Cir. 2014); see also *Rhodes v. Sutter Health*, 949 F. Supp. 2d 997, 1010 (E.D. Cal. 2013) (Even where witness was repeatedly mentioned in depositions, and proponent claimed failure to disclose was an honest mistake, the opposing party should be able to rely on Rule 26 disclosures. Deposition testimony was not sufficient to put party on notice that witness possessed information that supported plaintiffs claims or defenses.). "To suggest otherwise flies in the face of the requirements of Rule 26(a) and (e)." *Ollier*, 267 F.R.D. at 343.

| | |
|---|---|
| Date: August 20, 2015 | WILD, CARTER & TIPTON |
| | /s/ Patrick J. Gorman |
| | PATRICK J. GORMAN<br>Attorneys for The Chuck Olsen Company, Dave Perez and Chuck Olsen |

WILD, CARTER & TIPTON
246 WEST SHAW AVENUE
FRESNO, CALIFORNIA 93704
TELEPHONE (559) 224-2131

9

Third Party Defendants' Motion in Limine No. 4 Re: Alleged Defamation Damages

## Certificate of Service

I HEREBY CERTIFY that a copy of the foregoing was served electronically to all parties on the above captioned at the electronic address as disclosed with the Court, or by depositing same in the U.S. Mail, postage pre-paid and properly addressed on this day, August 20, 2015.

/s/ Mary Cooper
Mary Cooper