# Exhibit "C"

Joseph P. DiVincenzo-Bar #65649
REMER, DIVINCENZO & GRIFFITH
A PROFESSIONAL CORPORATION
ATTORNEYS AT LAW
2121 EAST PACIFIC COAST HIGHWAY, SUITE 280
CORONA DEL MAR, CALIFORNIA 92625
(949) 759-0781/(949) 759-0788 Facsimile
j.divincenzo@rdgattorneys.com

Attorneys for Defendants and Third Party Complainants,
F.P.D., INC. and Joseph Balcom

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| THE CHUCK OLSEN CO., INC., a California corporation, | CASE NO. CV13-05062-DMG-E |
| Plaintiff, | **RESPONSES OF F.P.D., INC. TO SPECIAL INTERROGATORIES PROPOUNDED BY CHUCK OLSEN, SET ONE** |
| vs. | |
| F.P.D., INC., a California corporation; and JOSEPH BALCOM, an individual, | |
| Defendants. | |
| AND RELATED CROSS-ACTIONS | |

RESPONDING PARTY:        Defendant and Third Party Complainant, FPD, Inc.

PROPOUNDING PARTY:    Plaintiff and Third Party Defendant, Chuck Olsen

SET NUMBER:                        One

Defendant and Third Party Complainant, F.P.D., Inc., hereby responds to the Special Interrogatories, Set One, propounded by Plaintiff and Third Party Defendant, Chuck Olsen, as follows:

## PRELIMINARY STATEMENT

These responses are made solely for the purpose of, and in relation to, this action. Each response is given subject to all appropriate objections (including, but not limited to, objections

1  any statement contained hereby were made by, a witness present and testifying in Court. All
2  such objections and supporting grounds are reserved and may be interposed at the time of trial.
3       The party on whose behalf the responses are given has not yet completed investigation
4  and discovery of the facts relating to this action, and has not yet completed preparation for
5  trial. Consequently, the following responses are given without prejudice to the responding
6  party's right to produce, at the time of trial, subsequently discovered evidence relating to the
7  proof of facts subsequently discovered to be material.
8       These responses are based upon diligent investigation by this responding party but
9  nevertheless reflect only the current state of this responding party's knowledge and
10 understanding regarding the matters about which inquiry is made. Further facts may be
11 discovered as discovery in this action proceeds. Without in any way obligating self to do so,
12 this responding party reserved the right to alter, amend, or supplement these responses during
13 the course of discovery or after discovery in this case has been completed.
14      Except for facts explicitly admitted herein, no admission of any nature whatsoever is to
15 be implied or inferred. Each and all responses to each and all requests should not be taken as an
16 admission or a concession of the existence, of any facts set forth or assumed by such request, or
17 that such response constitutes evidence of any fact thus set forth or assumed. All responses
18 must be construed as given on the basis of present recollection. Any request deemed as
19 continuing is objected to as oppressive, overburdensome, improper, and not in compliance with
20 C.C.P. §2016, 2030, et seq., and will not be regarded as continuing in nature. All preliminary
21 instructions and definitions concerning each request are objected to as being burdensome and
22 oppressive.
23      Nothing contained in these responses is intended to be nor should be construed as a
24 waiver of any attorney-client privilege, work product privilege or any other applicable
25 privilege. To the extent that any response may be construed as calling for disclosure of
26 information protected by any such privilege or seeks to inquire into contentions of law, a
27 continuing objection to each and every such response is hereby interposed.
28

## RESPONSES TO SPECIAL INTERROGATORIES

INTERROGATORY NO. 1:

Please state all facts which support the allegations set forth in paragraph 41 of YOUR Third Party Complaint which states "At all relevant times, and based upon the indicators, facts and circumstances of the subject transactions, and the suspicious behavior of PISCIOTTA, Third Party Defendants OLSEN, Olsen Company and PEREZ knew, or should have known, that PISCIOTTA was conducting the transactions for himself, without the authority or agency of FPD, without the knowledge of BALCOM, and in violation of the customs, practices, regulations and statutes relating to the purchase and sale of perishable agricultural commodities".

RESPONSE NO. 1:

Olsen admitted the suspicious nature of the conduct of Pisciotta in an email to Balcom in early February, 2013. Pisciotta has admitted that he was conducting the transactions for himself without the authority of FPD or the knowledge of Balcom. Perez had prior dealing with FPD and Pisciotta which were completely different than the transactions between Olsen and Pisciotta. All of the features of the transactions involving FPD and Perez in 2010, when Perez was a salesman at a company called the Grape Guys, are distinctly than the same transaction details when Perez was a sales person for Olsen in 2012 and 2013. Perez is personally familiar with the respective roles of Pisciotta, Balcom and Manny Delas Alas at FPD in 2010 and 2012. Perez, Olsen and The Olsen Company violated all precepts of proper produce transactions with a corporate purchaser, including communications with proper and authorized personnel, obtaining purchase orders or purchase order numbers, preparation and transmission of passings, timely and accurate preparation and transmission of invoices; obtaining appropriate inspections, obtaining an authorized agreement for credit terms beyond prompt paying terms; failing to enforce payment terms, accepting a short payment without question or notification; acceptance of cashier's checks by a remitter different than the alleged purchaser; extensions of hundreds of thousands of dollars in additional credit at a time when the account was well past delinquent; failure to ever notify Joseph Balcom, or Manny Delas Alas at any point until after the 29

transactions with Pisciotta were completed; and otherwise enabling Pisciotta to continue to perpetrate his fraud upon FPD.

There are other facts that support the quoted contention. In or about June, 2012, Pisciotta, who was an employee of F.P.D. wanted to conduct produce transactions for his own account, without the knowledge, approval or authorization of F.P.D. For approximately six years prior to 2013, F.P.D. had not done any business with Olsen or Olsen Company, and specifically had not entered into any purchase and sale transactions with Olsen or Olsen Company. In June, 2012, Pisciotta, who as an employee of F.P.D. was involved in operations and not purchasing, approached Third Party Defendants, wanting to buy grapes. At that time, and at all relevant times, Pisciotta was never expressly or ostensibly authorized to purchase grapes for F.P.D. or to otherwise act as an agent for F.P.D. with respect to purchase transactions with Third Party Defendants. Pisciotta had a prior relationship with Perez and believed he could call upon Perez for favors or complicity. Although it is the custom and practice in commercial transactions in the fresh produce industry for purchasers to provide a written purchase order, or at least a purchase order number, when ordering products, Pisciotta failed and refused to provide Third Party Defendants with a purchase order or purchase order number for any transaction with Third Party Defendants in 2012, or 2013. Between June 21, 2012 and February, 2013, Third Party Defendants and Pisciotta engaged in transactions between them for the purchase of grapes, without use of, or reference to, any F.P.D. purchase order, and neither F.P.D. nor Balcom ever authorized, assented, ratified, or received information relating to any terms discussed between Pisciotta and Third Party Defendants. Between June, 2012 and February, 2013, Pisciotta and Third Party Defendants, based upon information and belief, engaged in more than 18 separate transactions for the purchase and sale of grapes. For all of these transactions, Third Party Defendants never notified F.P.D., or Balcom, that the transactions were occurring, or that Third Party Defendants believed that F.P.D. was a contracting party, or that Third Party Defendants believed that Pisciotta was acting as an agent of F.P.D. and Third Party Defendants never directly notified F.P.D., Inc. of any information or questions relating to the more than 18 separate transactions with Pisciotta. At no time between

June, 2012 and February 6, 2013, did Third Party Defendants enforce, or attempt to enforce, any statutory payment terms, or commercially reasonable payment terms for the transactions with Pisciotta. At no time did Third Party Defendants notify F.P.D. or Balcom prior to February, 2013, that Olsen or Olsen Company was looking to F.P.D. or Balcom for payment. Any and all payments received by Third Party Defendants from Pisciotta, for the subject transactions, consisted of cashier's checks, obtained by Pisciotta as "remitter", without any reference to F.P.D., and were lump sum amounts that did not match a specific amount for any of the 18 transactions. Olsen Company and its owner, Chuck Olsen, has admitted that the receipt of cashier's checks from Pisciotta was extraordinary and caused Third Party Defendants to become suspicious of Pisciotta, along with the failure and refusal of Pisciotta to furnish purchase orders or purchase order numbers. Third Party Defendnats knew, or should have known, that Pisciotta was buying for his own account and not for FPD. Finally, it is a violation of the custom and practice for commercial transactions in the fresh produce industry for purchasers to fail and refuse to provide, and for sellers to fail to obtain, purchase orders or purchase order numbers, and for purchasers to utilize cashier's checks in credit transactions that are purportedly made on behalf of licensed companies. It is also beyond the custom and practice in the industry, for a seller to fail to notify the accounts payable department of a purported customer, when payment becomes delinquent beyond credit terms for the transactions. Third Party Defendants are aware of these customs and practices and regulations governing transactions between fresh produce merchants. Throughout the history of the transactions involving Pisciotta and Third Party Defendants, they never notified F.P.D. or Balcom that Pisciotta was engaging in transactions that violated most of the rules, customs, conventions, and fair business practices, for sales between produce merchants. Third Party Defendants' failure, imprudence and negligence, in this regard, was improper, unlawful, and also in violation of the unfair conduct provisions of 7 USC 499b. Third Party Defendants engaged in the foregoing conduct, breaches, omissions, failures and negligence in order to extract an unreasonable profit from the improper and questionable transactions with Pisciotta, and accordingly failed and refused to alert F.P.D. or Balcom of the improper transactions to allow F.P.D. or Balcom to

1 mitigate or to stop the transactions from occurring. At all relevant times, Third Party
2 Defendants knew, or should have known, that they were transacting with Pisciotta, and not with
3 FPD or Balcom.
4 INTERROGATORY NO. 2:
5 Please IDENTIFY all PERSONS who have knowledge of the facts set forth in YOUR
6 response to Special Interrogatory No. 1.
7 RESPONSE NO. 2:
8 Chuck Olsen, Dave Perez, Sylvia Vallegas, Joseph Pisciotta, Joseph Balcom, Manny
9 Delas Alas, Robert Fairchild, James Johnson, Jeff Olsen, and principals and employees of The
10 Grape Guys.
11 INTERROGATORY NO. 3:
12 Please state all facts which support the allegations set forth in paragraph 42 of YOUR
13 Third Party Complaint which states "As the transactions were occurring, and thereafter, Third
14 Party Defendants negligently failed to inform, disclose or inquire of FPD and BALCOM
15 regarding PISCIOTTA's behavior, and the suspicious and improper circumstances of the
16 transactions".
17 RESPONSE NO. 3:
18 According to Olsen's records, the transactions with Pisciotta began in June, 2012, and
19 continued on 29 separate occasions through January 18, 2013. The first notification to FPD or
20 Balcom regarding the business that Olsen was conducting with Pisciotta occurred when Balcom
21 was copied on an email on or about February 7, 2013. Knowing the facts as alleged in response
22 to Special Interrogatory Number 1, hereinabove, Olsen, Perez and The Olsen Company had a
23 duty to inform, disclose or inquire of FPD about the suspicious behavior of Pisciotta. Instead,
24 Olsen, Perez and the Olsen Company allowed the unconventional, fraudulent, improper,
25 uncustomary and wrongful conduct to persist without any notification to FPD or Balcom.
26 INTERROGATORY NO. 4
27 Please IDENTIFY all PERSONS who have knowledge of the facts set forth in YOUR
28 response to Special Interrogatory No. 3.

RESPONSE NO. 4:

Chuck Olsen, Dave Perez, Sylvia Vallegas, Joseph Pisciotta, Joseph Balcom, Manny Delas Alas, Robert Fairchild, James Johnson, Jeff Olsen, and principals and employees of The Grape Guys.

INTERROGATORY NO. 5

Please state all facts which support the allegations set forth in paragraph 43 of YOUR Third Party Complaint which states "As a proximate result of the misrepresentations, and failure to disclose, as set forth hereinabove, in this Third Party Complaint, the transactions continued to multiply and repeat themselves, and the exposure and damage went on and on, more than 18 times. Had Third Party Defendants acted promptly to inform or inquire with F.P.D. or BALCOM, the exposure and damage could have been mitigated and stopped in its infancy".

RESPONSE NO. 5:

The response to Special Interrogatory Number 1 is incorporated by this reference as though again set forth in full. Between October 17, 2012, and December 7, 2012, Olsen engaged in transactions with Pisciotta, under the improper, suspicious and uncustomary circumstances set forth above, consisting of 14 separate transactions in an amount in excess of $225,000.00, without ever receiving one dollar of payment from Pisciotta. This amount was never subsequently paid by Pisciotta. Instead, Pisciotta transmitted cashier's checks, between December 8, 2012 and January 1, 2013, in lump sum amounts that did not correspond to any particular transaction amount, and the cashier's checks did not show on their face, nor were they accompanied by documentation that would instruct Olsen how to apply the payment. The remitter of the cashier's checks was Joseph Pisciotta, not FPD, and FPD never appeared as a reference on any of the cashier's checks. The total of the cashier's checks was $145,000.00, not enough to cover the extension of credit by Olsen through December 7, 2012. Most absurdly, between December 11, 2012 and January 18, 2013, Olsen engaged in 12 additional transactions with Pisciotta in the total amount of $353,411.00, according to Olsen's accounting. Olsen continued to advance product to Pisciotta, despite carrying balances on transactions that were

1 | more than 60 days delinquent. Yet, during this time period, neither Perez, nor Olsen, nor any
2 | other person at The Chuck Olsen Company, contacted Joseph Balcom or Manny Delas Alas.
3 |     Thus, paragraph 43 is understated, as it was not just 18 transactions but, rather, 25
4 | transactions that the third party defendants and The Chuck Olsen Company allowed, and
5 | enabled, that could have been thwarted by a simple telephone call, or email, to Joseph Balcom,
6 | or Manny Delas Alas.
7 | **INTERROGATORY NO. 6**
8 |     Please IDENTIFY all PERSONS who have knowledge of the facts set forth in YOUR
9 | response to Special Interrogatory No. 5.
10 | **RESPONSE NO. 6:**
11 |     Chuck Olsen, Dave Perez, Sylvia Vallegas, Joseph Pisciotta, Joseph Balcom, Manny
12 | Delas Alas, Robert Fairchild, James Johnson, Jeff Olsen, and principals and employees of The
13 | Grape Guys.
14 | **INTERROGATORY NO. 7:**
15 |     Please state all facts which support the allegations set forth in paragraph 44 of YOUR
16 | Third Party Complaint which states "Additionally, Third Party Defendants have misrepresented
17 | to F.P.D., to BALCOM, and to other third parties, that F.P.D. and BALCOM are legally liable
18 | for the transactions between Olsen Company and PISCIOTTA."
19 | **RESPONSE NO. 7:**
20 |     Responding party refers to the responses to Special Interrogatory Number 1, Special
21 | Interrogatory Number 3 and Special Interrogatory Number 5, set forth hereinabove, and
22 | incorporates said responses as though again set forth in full. FPD and Balcom were not liable
23 | for the transactions whereby Pisciotta acted for himself and not with any authority, actual or
24 | ostensible, on behalf of FPD. Furthermore, the entire claim of Olsen could have been mitigated
25 | if Olsen would have followed the custom and practice in the produce industry, or fair trade
26 | practices.
27 | **INTERROGATORY NO. 8:**
28 |     Please IDENTIFY all PERSONS who have knowledge of the facts set forth in YOUR

1 response to Special Interrogatory No. 7.

2 RESPONSE NO. 8:

3 Chuck Olsen, Dave Perez, Sylvia Vallegas, Joseph Pisciotta, Joseph Balcom, Manny
4 Delas Alas, Robert Fairchild, James Johnson, Jeff Olsen, and principals and employees of The
5 Grape Guys.

6 INTERROGATORY NO. 9:

7 Please state all facts upon which support the allegations set forth in paragraph 47 of
8 YOUR Third Party Complaint which states "Prior to the commencement of the subject
9 transactions, PISCIOTTA and PEREZ had a friendly relationship, and were predisposed to do
10 favors for each other, and to act in complicity".

11 RESPONSE NO. 9:

12 Responding party is informed and believes that during the time that Pisciotta and Perez
13 both lived in Visalia, California, they developed a social relationship. The content of the text
14 messages and communications between Pisciotta and Perez supports the allegations. On
15 previous occasions, Perez interacted with Pisciotta in Pisciotta's capacity in operations and
16 logistics at FPD. Perez was also a key figure in perpetuating the breaches and improper
17 conduct referred to hereinabove in response to Special Interrogatory numbers 1, 3, 5and 7.

18 INTERROGATORY NO. 10:

19 Please IDENTIFY all PERSONS who have knowledge of the facts set forth in YOUR
20 response to Special Interrogatory No. 9.

21 RESPONSE NO. 10:

22 Chuck Olsen, Dave Perez, Sylvia De La Rosa De La Rosa De La Rosa De La Rosa
23 Vallegas, Joseph Pisciotta, Joseph Balcom, Manny Delas Alas, Robert Fairchild, James
24 Johnson, Jeff Olsen, and principals and employees of The Grape Guys.

25 INTERROGATORY NO. 11

26 Please state all facts support the allegations set forth in paragraph 48 of YOUR Third
27 Party Complaint which states "F.P.D. and BALCOM are informed and believe that the profit
28 margin and commissions on the transactions between the Olsen Company and PISCIOTTA

were extraordinarily high and far in excess of the industry standard or of the prevailing rates at the time of the transactions."

RESPONSE NO. 11:

Responding party cites the facts set forth in its responses to Special Interrogatories numbers 1, 3, 5 and 7 hereinabove, and incorporates the same by this reference as though again set forth in full. Counsel for the Third Party Defendants and The Chuck Olsen Company has indicated that Perez stood to earn a commission between 20% - 35% on the transactions. The amount of product dumped upon Pisciotta during December, 2012 and January, 2013, at a time when Pisciotta's account was seriously delinquent, and based upon the other circumstances set forth hereinabove, along with the fact that Pisciotta did not negotiate the pricing, explains, in some respect, why The Chuck Olsen Company, Olsen and Perez acted as they did with respect to these transactions. Furthermore, the differential between the price paid by The Chuck Olsen Company, and the invoice price in the Pisciotta transactions demonstrates extraordinary profit margins.

INTERROGATORY NO. 12:

Please IDENTIFY all PERSONS who have knowledge of the facts set forth in YOUR response to Special Interrogatory No. 11.

RESPONSE NO. 12:

Chuck Olsen, Dave Perez, Sylvia Vallegas, Joseph Pisciotta, Joseph Balcom, Manny Delas Alas, Robert Fairchild, James Johnson, Jeff Olsen, all suppliers of the grapes obtained by The Chuck Olsen Company and sold to Pisciotta, and principals and employees of The Grape Guys.

INTERROGATORY NO. 13:

Please state all facts support the allegations set forth in paragraph 49 of YOUR Third Party Complaint which states "Third Party Complainants are informed and believe that in furtherance of these extraordinary profits and commissions, that Third Party Defendants, and each of them, assisted, cooperated, conspired, ratified, enabled and perpetuated the transactions with PISCIOTTA".

RESPONSE NO. 13:

Responding party cites the facts set forth in its responses to Special Interrogatories number 1, 3, 5, and 11 hereinabove, and incorporates the same by this reference as though again set forth in full.

INTERROGATORY NO. 14:

Please IDENTIFY all PERSONS who have knowledge of the facts set forth in YOUR response to Special Interrogatory No. 13.

RESPONSE NO. 14:

Chuck Olsen, Dave Perez, Sylvia Vallegas, Joseph Pisciotta, Joseph Balcom, Manny Delas Alas, Robert Fairchild, James Johnson, Jeff Olsen, all suppliers of the grapes obtained by The Chuck Olsen Company and sold to Pisciotta, and principals and employees of The Grape Guys.

INTERROGATORY NO. 15:

Please state all facts support the allegations set forth in paragraph 53 of YOUR Third Party Complaint which states "Third Party Defendants, OLSEN, the Olsen Company and PEREZ, knew, at all relevant times, that F.P.D. and BALCOM did not authorize the transactions between PISCIOTTA and Olsen Company, and that the first notification to F.P.D. came in February, 2013, after more than 18 transactions had already occurred".

RESPONSE NO. 15:

Responding party cites the facts set forth in its responses to Special Interrogatories number 1, 3, 5, and 7 hereinabove, and incorporates the same by this reference as though again set forth in full. Additionally, Perez admitted to Balcom that Perez believed that Balcom was no longer involved with FPD in the same capacity. The first notification to FPD came from a Perez email directed to Pisciotta in February, 2013, after more than 18 transactions had already occurred. In fact, the email came after more than 29 transactions had apparently occurred, according to the records of The Chuck Olsen Company.

INTERROGATORY NO. 16:

Please IDENTIFY all PERSONS who have knowledge of the facts set forth in YOUR

response to Special Interrogatory No. 15.

**RESPONSE NO. 16:**

Chuck Olsen, Dave Perez, Sylvia Vallegas, Joseph Pisciotta, Joseph Balcom, Manny Delas Alas, Robert Fairchild, James Johnson, Jeff Olsen, all suppliers of the grapes obtained by The Chuck Olsen Company and sold to Pisciotta, and principals and employees of The Grape Guys.

**INTERROGATORY NO. 17:**

Please state all facts support the allegations set forth in paragraph 54 of YOUR Third Party Complaint which states "By virtue of all of the anomalies, irregularities, and the suspicious nature of the circumstances surrounding the transactions, OLSEN, Olsen Company and PEREZ, knew that the legal responsibility of F.P.D. was not clear cut, and, in fact, was dubious."

**RESPONSE NO. 17:**

Responding party refers to the responses to Special Interrogatory Number 1, Special Interrogatory Number 3 and Special Interrogatory Number 5, set forth hereinabove, and incorporates said responses as though again set forth in full. FPD and Balcom were not liable for the transactions whereby Pisciotta acted for himself and not with any authority, actual or ostensible, on behalf of FPD. Furthermore, the entire claim of Olsen could have been mitigated if Olsen would have followed the custom and practice in the produce industry, or fair trade practices.

**INTERROGATORY NO. 18:**

Please IDENTIFY all PERSONS who have knowledge of the facts set forth in YOUR response to Special Interrogatory No. 17.

**RESPONSE NO. 18:**

Chuck Olsen, Dave Perez, Sylvia Vallegas, Joseph Pisciotta, Joseph Balcom, Manny Delas Alas, Robert Fairchild, James Johnson, Jeff Olsen, all suppliers of the grapes obtained by The Chuck Olsen Company and sold to Pisciotta, and principals and employees of The Grape Guys.

INTERROGATORY NO. 19:

Please state all facts support the allegations set forth in paragraph 55 of YOUR Third Party Complaint which states "Notwithstanding their knowledge of the truth, OLSEN, Olsen Company and PEREZ made scathing, false, and exaggerated reports and communications to various agencies, publications and third parties, knowing that the false information would be published throughout the fresh produce industry."

RESPONSE NO. 19:

Olsen sent Balcom an email, attempting to extort payment of nearly $450,000, threatening that if FPD did not pay Olsen for the transactions that Olsen apparently conducted with Pisciotta, that Olsen would ruin or injure the reputation of FPD and Balcom by making reports and sending communications to various agencies, publications and third parties, knowing that the false information would be published throughout the fresh produce industry. Olsen, The Olsen Company, and Perez apparently then made good on their promise despite their actual knowledge that they had never dealt with FPD or Balcom, and had only dealt with Pisciotta. Because Olsen received a type of trophy year ago from the Packer Newspaper, Olsen feels he has an inside track into the Packer, the Blue Book, and the PACA among other produce industry organizations and publications. Olsen's efforts in this regard were maliciously and intentionally seeking to create pressure upon FPD to pay a large sum of money based upon a debt that FPD never incurred, or never knew about.

INTERROGATORY NO. 20:

Please IDENTIFY all PERSONS who have knowledge of the facts set forth in YOUR response to Special Interrogatory No. 19.

RESPONSE NO. 20:

Chuck Olsen, Dave Perez, Sylvia Vallegas, Joseph Pisciotta, Joseph Balcom, Manny Delas Alas, Robert Fairchild, James Johnson, Jeff Olsen, all suppliers of the grapes obtained by The Chuck Olsen Company and sold to Pisciotta, and principals and employees of The Grape Guys. Those persons that received communications from Olsen, Perez, The Olsen Company or others on their behalf.

INTERROGATORY NO. 21:

Please state all facts support the allegations set forth in paragraph 56 of YOUR Third Party Complaint which states "Prior to, and at the time of making these false, disparaging and defamatory reports and publications, OLSEN and the Olsen Company declared that such reports would damage the reputation of F.P.D. and BALCOM, yet they blatantly continued to make the reports and publications."

RESPONSE NO. 21:

That is what Olsen said in his email to Balcom when he attempted to extort payment that FPD did not owe.

INTERROGATORY NO. 22:

Please IDENTIFY all PERSONS who have knowledge of the facts set forth in YOUR response to Special Interrogatory No. 21.

RESPONSE NO. 22:

Chuck Olsen, Dave Perez, Sylvia Vallegas, Joseph Pisciotta, Joseph Balcom, Manny Delas Alas, Robert Fairchild, James Johnson, Jeff Olsen, all suppliers of the grapes obtained by The Chuck Olsen Company and sold to Pisciotta, and principals and employees of The Grape Guys. Those persons that received communications from Olsen, Perez, The Olsen Company or others on their behalf.

INTERROGATORY NO. 23:

Please state all facts support the allegations set forth in paragraph 57 of YOUR Third Party Complaint which states "As a proximate result of the reports, statements, communications, and publications by OLSEN, Olsen Company and PEREZ, F.P.D. and BALCOM have been damaged in an amount to be shown according to proof. Additionally, Third Party Defendants are liable for slander and libel per se and for statutory and common law penalties, damages, damage multipliers, and assessments."

RESPONSE NO. 23:

It is difficult to gage the impact that Olsen's false communications have caused to FPD and Balcom. It is counterproductive to conduct a poll of persons in the produce industry.

1  penalties, damages, damage multipliers, and assessments."

2  RESPONSE NO. 23:

3      It is difficult to gage the impact that Olsen's false communications have caused to FPD
4  and Balcom. It is counterproductive to conduct a poll of persons in the produce industry.
5  However, persons doing business and persons who formerly did business with FPD and Balcom
6  have inquired about the allegations and have requested additional assurance and explanation in
7  order for FPD to continue to do business with them.

8  INTERROGATORY NO. 24:

9      Please IDENTIFY all PERSONS who have knowledge of the facts set forth in YOUR
10 response to Special Interrogatory No. 23.

11 RESPONSE NO. 24:

12     Joseph Balcom, Manny Delas Alas, Mr. Tanimura, Chuck Olsen, Dave Perez,
13 employees of the Blue Book, employees of the Packer and PACA personnel.

15 Dated: June 13, 2014

REMER, DiVINCENZO & GRIFFITH
A Professional Corporation

By: _____
JOSEPH P. DiVINCENZO
Attorneys for Defendants and Third Party
Complainants, F.P.D., INC. and Joseph
Balcom

## VERIFICATION

**STATE OF CALIFORNIA, COUNTY OF** Los Angeles

I have read the foregoing RESPONSES TO SPECIAL INTERROGATORIES BY CHUCK OLSEN, SET ONE _____ and know its contents.

☐ **CHECK APPLICABLE PARAGRAPHS**

[X] I am a party to this action. The matters stated in the foregoing document are true of my own knowledge except as to those matters which are stated on information and belief, and as to those matters I believe them to be true.

☐ I am ☐ an Officer ☐ a partner _____ ☐ a _____ of _____,
a party to this action, and am authorized to make this verification for and on its behalf, and I make this verification for that reason. ☐ I am informed and believe and on that ground allege that the matters stated in the foregoing document are true. ☐ The matters stated in the foregoing document are true of my own knowledge, except as to those matters which are stated on information and belief, and as to those matters I believe them to be true.

☐ I am one of the attorneys for _____
a party to this action. Such party is absent from the county of aforesaid where such attorneys have their offices, and I make this verification for and on behalf of that party for that reason. I am informed and believe and on that ground allege that the matters stated in the foregoing document are true.

Executed on ___6-13-14___, at __Carson,__ _____, California.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

JOSEPH BALCOM
**Type or Print Name**                                    **Signature**

## PROOF OF SERVICE
1013a (3) CCP Revised 5/1/88

**STATE OF CALIFORNIA, COUNTY OF** _____

I am employed in the county of _____, State of California.
I am over the age of 18 and not a party to the within action; my business address is: _____

On, _____ I served the foregoing document described as _____

_____ on _____ in this action

☐ by placing the true copies thereof enclosed in sealed envelopes addressed as stated on the attached mailing list:
☐ by placing ☐ the original ☐ a true copy thereof enclosed in sealed envelopes addressed as follows:

☐ **BY MAIL**
   ☐ *I deposited such envelope in the mail at _____, California.
   The envelope was mailed with postage thereon fully prepaid.
   ☐ As follows: I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with U.S. postal service on that same day with postage thereon fully prepaid at _____ California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.
   Executed on _____, at _____, California.
   ☐ **(BY PERSONAL SERVICE)** I delivered such envelope by hand to the offices of the addressee.
   Executed on _____, at _____, California.
☐ (State)   I declare under penalty of perjury under the laws of the State of California that the above is true and correct.
☐ (Federal) I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

**Type or Print Name**                                    **Signature**

*(BY MAIL SIGNATURE MUST BE OF PERSON DEPOSITING ENVELOPE IN MAIL SLOT, BOX, OR BAG)
**(FOR PERSONAL SERVICE SIGNATURE MUST BE THAT OF MESSENGER)



Rev. 7/99

# PROOF OF SERVICE

STATE OF CALIFORNIA, COUNTY OF ORANGE

I am employed in the County of Orange, State of California. I am over the age of 18 and not a party to the within action; my business address is 2121 E. Coast Highway, Suite 280, Corona del Mar, California 92625.

On **June 13, 2014**, I caused to be served the foregoing document(s) described as **RESPONSE OF FPD TO SPECIAL INTERROGATORIES, SET ONE** on the interested parties in this action by electronically filing this document, if required by the court in its Electronic Case Filing Program, and/or by placing the true and correct copies thereof enclosed in sealed envelopes as addressed as follows:

| | |
|---|---|
| Patrick J. Gorman, Esq.<br>WILD, CARTER & TIPTON<br>246 West Shaw Avenue<br>Fresno, CA 93704<br>559-224-2131<br>559-229-7295<br>pgorman@wctlaw.com<br>Counsel for The Chuck Olsen Company, Chuck Olsen, Dave Perez | Robert A. Curtis, Esq.<br>FOLEY, BEZEK BEHLE & CURTIS, LLP<br>15 W. Carrillo St.<br>Santa Barbara, CA 93101<br>805-962-9495 Phone<br>805-962-0722 Fax<br>rcurtis@foleybezek.com |

[ X ] **BY MAIL:** I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it is deposited with U.S. postal service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of party served, service is presumed invalid if postage cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

[ ] **BY OVERNIGHT MAIL:** I delivered a copy of this document(s) to an authorized courier or driver authorized by Golden State Overnight, an express service carrier to receive documents, in an envelope or package designated by Golden State Overnight with delivery fees paid or provided.

[ ] **BY PERSONAL SERVICE:** I caused such envelope to be delivered by hand to the office's of the addressee.

[ ] **BY ELECTRONIC TRANSFER/VIA FACSIMILE:** I caused all of the pages of the above-entitled document(s) to be sent to the recipients noted via electronic transfer (FAX) at the respective facsimile numbers indicated.

[ ] **BY ELECTRONIC TRANSMISSION:** I transmitted a PDF version of this document by electronic mail to the party(s) identified on the attached service list using the e-mail address(es) where indicated.

I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made. Executed on **June 13, 2014**, at Corona del Mar, California.

_____
RENEE M. BELL