FILED
CLERK, U.S. DISTRICT COURT

August 28, 2015

CENTRAL DISTRICT OF CALIFORNIA
BY: _____KT_____ DEPUTY

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

THE CHUCK OLSEN CO., INC.,   )
                 Plaintiff,   )   Case No. CV 13-05062-DMG (Ex)
                                                       )
            v.   )   **JURY INSTRUCTIONS**
                                                       )
F.P.D. INC.,   )
                          Defendant.   )

**INDEX**

| Number | Title | Page No. |
|---|---|---|
| 1. | Duty of Jury | 4 |
| 2. | Claims and Defenses | 5 |
| 3. | Burden of Proof – Preponderance of the Evidence | 6 |
| 4. | What Is Evidence | 7 |
| 5. | What Is Not Evidence | 8 |
| 6. | Evidence for Limited Purpose | 9 |
| 7. | Direct and Circumstantial Evidence | 10 |
| 8. | Ruling on Objections | 11 |
| 9. | Credibility of Witnesses | 12 |
| 10. | Conduct of the Jury | 13 |
| 11. | No Transcript Available to Jury | 15 |
| 12. | Taking Notes | 16 |
| 13. | Bench Conferences and Recesses | 17 |
| 14. | Stipulations of Fact | 18 |
| 15. | Impeachment Evidence – Witness | 19 |
| 16. | Charts and Summaries Not Received in Evidence | 20 |
| 17. | Charts and Summaries in Evidence | 21 |
| 18. | Mail | 22 |
| 19. | Corporations | 23 |
| 20 | Liability of Corporations | 24 |
| 21. | Agent and Principal – Definition | 25 |
| 22. | Breach of Contract – Introduction | 26 |
| 23. | Actual Agency | 27 |
| 24. | Authority | 28 |
| 25. | Breach of Contract/Ostensible Authority | 29 |
| 26. | Basic Standard of Care | 30 |

| 27. | Reliance on Good Conduct of Others | 31 |
| 28. | Custom or Practice | 32 |
| 29. | Introduction to Contract Damages | 33 |
| 30. | Damages – Proof | 34 |
| 31. | Damages – Mitigation | 35 |
| 32. | Duty to Deliberate | 36 |
| 33. | Communication with the Court | 37 |
| 34. | Return of Verdict | 38 |

# INSTRUCTION NO. 1

## Duty of Jury

Ladies and gentlemen:  Now that you have heard all of the evidence, it is my duty to instruct you on the law of the case.

A copy of these instructions will be sent with you to the jury room when you deliberate.

You must not infer from these instructions or from anything I may say or do as indicating that I have an opinion regarding the evidence or what your verdict should be.

It is your duty to find the facts from all the evidence in the case.  To those facts you will apply the law as I give it to you.  You must follow the law as I give it to you whether you agree with it or not.  And you must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy.  That means that you must decide the case solely on the evidence before you.  You will recall that you took an oath to do so.

In following my instructions, you must follow all of them and not single out some and ignore others; they are all important.

**INSTRUCTION NO.  2**

**Claims and Defenses**

To help you follow the evidence, I will give you a brief summary of the positions of the parties:

Between June 2012 through January 2013, Joseph Pisciotta ordered table grapes from Plaintiff, The Chuck Olsen Company, Inc.

At the time he ordered the table grapes from The Chuck Olsen Company, Joseph Pisciotta was an employee of Defendant FPD, Inc.  The Chuck Olsen Company has asserted a breach of contract claim against FPD, stating that FPD is responsible for the transactions with Pisciotta.  FPD denies that Pisciotta was authorized to enter into the transactions, denies knowledge of the transactions, and denies that it has any responsibility to pay any amount to The Chuck Olsen Company.

Joseph Pisciotta failed to appear in this action.  The jurors shall not draw any inferences in favor of or against any party as a result Pisciotta's non-appearance.

**INSTRUCTION NO.  3**

**Burden of Proof – Preponderance of the Evidence**

When a party has the burden of proof on any claim or affirmative defense by a preponderance of the evidence, it means you must be persuaded by the evidence that the claim or affirmative defense is more probably true than not true.

You should base your decision on all of the evidence, regardless of which party presented it.

**INSTRUCTION NO. 4**

**What is Evidence**

The evidence you are to consider in deciding what the facts are consists of:

1.      the sworn testimony of any witnesses;

2.      the exhibits which are received into evidence; and

3.      any facts to which the lawyers have agreed.

# INSTRUCTION NO. 5

## What Is Not Evidence

In reaching your verdict, you may consider only the testimony and exhibits received into evidence.  Certain things are not evidence, and you may not consider them in deciding what the facts are.  I will list them for you:

1. Arguments and statements by lawyers are not evidence.  The lawyers are not witnesses.  What they have said in their opening statements, will say in their closing arguments, and at other times is intended to help you interpret the evidence, but it is not evidence.  If the facts as you remember them differ from the way the lawyers have stated them, your memory of them controls.

2. Questions and objections by lawyers are not evidence.  Attorneys have a duty to their clients to object when they believe a question is improper under the rules of evidence.  You should not be influenced by the objection or by the court's ruling on it.

3. Testimony that has been excluded or stricken, or that you have been instructed to disregard, is not evidence and must not be considered.  In addition sometimes testimony and exhibits were received only for a limited purpose; when I have given a limiting instruction, you must follow it.

4. Anything you may have seen or heard when the court was not in session is not evidence.  You are to decide the case solely on the evidence received at the trial.

**INSTRUCTION NO. 6**

**Evidence for Limited Purpose**

Some evidence may have been admitted for a limited purpose only.

If I have instructed you that an item of evidence has been admitted for a limited purpose, you must consider it only for that limited purpose and for no other.

**INSTRUCTION NO. 7**

**Direct and Circumstantial Evidence**

Evidence may be direct or circumstantial.  Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did. Circumstantial evidence is proof of one or more facts from which you could find another fact.  You should consider both kinds of evidence.  The law makes no distinction between the weight to be given to either direct or circumstantial evidence.  It is for you to decide how much weight to give to any evidence.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## INSTRUCTION NO. 8

### Ruling on Objections

There are rules of evidence that control what can be received into evidence.  When a lawyer asked a question or offered an exhibit into evidence and a lawyer on the other side thought that it was not permitted by the rules of evidence, that lawyer may have objected.  If I overruled the objection, the question was answered or the exhibit was received.  If I sustained the objection, the question could not be answered, and the exhibit could not be received.  Whenever I sustained an objection to a question, you must ignore the question and must not guess what the answer might have been.

Sometimes I may have ordered that evidence be stricken from the record and that you disregard or ignore the evidence.  That means that when you are deciding the case, you must not consider the evidence that I told you to disregard.

### INSTRUCTION NO. 9

### Credibility of Witnesses

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe.  You may believe everything a witness said, or part of it, or none of it.  Proof of a fact does not necessarily depend on the number of witnesses who testify about it.

In considering the testimony of any witness, you may take into account:

1.    the opportunity and ability of the witness to see or hear or know the things testified to;

2.    the witness's memory;

3.    the witness's manner while testifying;

4.    the witness's interest in the outcome of the case and any bias or prejudice;

5.    whether other evidence contradicted the witness's testimony;

6.    the reasonableness of the witness's testimony in light of all the evidence; and

7.    any other factors that bear on believability.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify about it.

### INSTRUCTION NO. 10

### Conduct of the Jury

I will now say a few words about your conduct as jurors.

First, keep an open mind throughout the trial, and do not decide what the verdict should be until you and your fellow jurors have completed your deliberations at the end of the case.

Second, because you must decide this case based only on the evidence received in the case and on my instructions as to the law that applies, you must not be exposed to any other information about the case or to the issues it involves during the course of your jury duty.  Thus, until the end of the case or unless I tell you otherwise:

Do not communicate with anyone in any way and do not let anyone else communicate with you in any way about the merits of the case or anything to do with it.  This includes discussing the case in person, in writing, by phone or electronic means, via e-mail, text messaging, or any Internet chat room, blog, Web site or other feature.  This applies to communicating with your fellow jurors until I give you the case for deliberation, and it applies to communicating with everyone else including your family members, your employer, and the people involved in the trial, although you may notify your family and your employer that you have been seated as a juror in the case.  But, if you are asked or approached in any way about your jury service or anything about this case, you must respond that you have been ordered not to discuss the matter and to report the contact to the court.

Because you will receive all the evidence and legal instruction you properly may consider to return a verdict:  do not read, watch, or listen to any news or media accounts or commentary about the case or anything to do with it; do not do any research, such as consulting dictionaries, searching the Internet or using other

-13-

reference materials; and do not make any investigation or in any way try to learn about the case on your own.

The law requires these restrictions to ensure the parties have a fair trial based on the same evidence that each party has had an opportunity to address.   A juror who violates these restrictions jeopardizes the fairness of these proceedings.   If any juror is exposed to any outside information, please notify the court immediately.

**INSTRUCTION NO. 11**

**No Transcript Available to Jury**

During deliberations, you will have to make your decision based on what you recall of the evidence.  You will not have a transcript of the trial.

**INSTRUCTION NO. 12**

**Taking Notes**

You may have taken notes during the trial to help you remember the evidence.  If you have taken notes, please keep them to yourself until you and your fellow jurors go to the jury room to decide the case.  Do not let note-taking distract you.  When you leave, your notes should be left in the courtroom.  No one will read your notes.  They will be destroyed at the conclusion of the case.

Whether or not you have taken notes, you should rely on your own memory of the evidence.  Notes are only to assist your memory.  You should not be overly influenced by your notes or those of your fellow jurors.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**INSTRUCTION NO. 13**

**Bench Conferences and Recesses**

From time to time during the trial, it became necessary for me to talk with the attorneys out of the hearing of the jury, either by having a conference at the bench when the jury was present in the courtroom, or by calling a recess.  Please understand that while you were waiting, we were working.  The purpose of these conferences was not to keep relevant information from you, but to decide how certain evidence was to be treated under the rules of evidence and to avoid confusion and error.

Of course, we have done what we could to keep the number and length of these conferences to a minimum.  I did not always grant an attorney's request for a conference.  Do not consider my granting or denying a request for a conference as any indication of my opinion of the case or of what your verdict should be.

### INSTRUCTION NO. 14
### Stipulations of Fact

The parties have agreed to certain facts that will be read to you.  You should therefore treat these facts as having been proved.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## INSTRUCTION NO. 15

### Impeachment Evidence -- Witness

The evidence that a witness has lied under oath on a prior occasion may be considered, along with all other evidence, in deciding whether or not to believe the witness and how much weight to give the testimony of the witness and for no other purpose.

# INSTRUCTION NO. 16

## Charts and Summaries Not Received in Evidence

Certain charts and summaries not received in evidence may be shown to you in order to help explain the contents of books, records, documents, or other evidence in the case. They are not themselves evidence or proof of any facts. If they do not correctly reflect the facts or figures shown by the evidence in the case, you should disregard these charts and summaries and determine the facts from the underlying evidence.

# INSTRUCTION NO. 17

## Charts and Summaries in Evidence

Certain charts and summaries may have been received into evidence to illustrate information brought out in the trial.   Charts and summaries are only as good as the underlying evidence that supports them.   You should, therefore, give them only such weight as you think the underlying evidence deserves.

**INSTRUCTION NO. 18**

**Mail**

A letter correctly addressed and properly mailed is presumed to have been received in the ordinary course of mail.  A presumption of receipt may be rebutted by testimony denying receipt.

# INSTRUCTION NO. 19

## Corporations

All parties are equal before the law and a corporation is entitled to the same fair and conscientious consideration by you as any party.

**INSTRUCTION NO. 20**

**Liability of Corporations**

Under the law, a corporation is considered to be a person.  It can only act through its employees, agents, directors, or officers.  Therefore, a corporation is responsible for the acts of its employees, agents, directors, and officers performed within the scope of authority.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**INSTRUCTION NO. 21**

**Agent and Principal – Definition**


An agent is a person who performs services for another person under an express or implied agreement and who is subject to the other's control or right to control the manner and means of performing the services.  The other person is called a principal.  The agency agreement may be oral or written.

## INSTRUCTION NO. 22
## Breach Of Contract – Introduction

The Chuck Olsen Company claims that it and FPD, through FPD's employee Joseph Pisciotta, entered into 29 contracts for the sale of table grapes.

The Chuck Olsen Company claims that FPD breached those contracts by failing to pay the balance due on its invoices for the grapes sold.

The Chuck Olsen Company claims that FPD's breach of the contracts caused harm to Olsen for which FPD should pay.

In this case, the only contracts at issue are the 16 contracts entered into on and after November 30, 2012.

## INSTRUCTION NO. 23

### Actual Agency

In this case, the parties do not dispute that Joseph Pisciotta was an employee of FPD, i.e., an actual agent, at the time the transactions with The Chuck Olsen Company took place.

If you find by a preponderance of the evidence that Joseph Pisciotta was acting within the scope of his authority as an employee of FPD when the transactions at issue occurred, then FPD is responsible for the transactions.  FPD cannot be held liable if Pisciotta acted beyond the scope of his authority.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**INSTRUCTION NO. 24**

**Authority**

An employee has such authority as the employer, actually or ostensibly, confers upon him.  In this case, the jury is to decide whether Joseph Pisciotta engaged in the subject transactions with ostensible authority.  Ostensible or apparent authority is what the employer intentionally, or by want of ordinary care, causes or allows a third person to believe the employee to possess.

**INSTRUCTION NO. 25**

**Breach Of Contract/Ostensible Authority**

The Chuck Olsen Company has sued FPD for failing to pay for the 16 orders placed by Joseph Pisciotta on and after November 30, 2012.  In order for The Chuck Olsen Company to recover from FPD for the orders placed by Joseph Pisciotta based upon his ostensible or apparent authority to enter into the transactions, The Chuck Olsen Company must establish the following by a preponderance of the evidence:

1.   The Chuck Olsen Company in its dealings with Pisciotta did so with a reasonable belief in Pisciotta's authority;

2.   The Chuck Olsen Company's belief in Pisciotta's authority must have been generated by some act or neglect by FPD; and

3.   The Chuck Olsen Company, in relying on Pisciotta's ostensible or apparent authority, was not negligent in holding that belief.

## INSTRUCTION NO. 26

## Basic Standard Of Care

Negligence is the failure to use reasonable care to prevent harm to oneself or to others.

A person can be negligent by acting or by failing to act.  A person is negligent if he does something that a reasonably careful person would not do in the same situation or fails to do something that a reasonably careful person would do in the same situation.

You must decide how a reasonably careful person would have acted in The Chuck Olsen Company's situation.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## INSTRUCTION NO. 27

### Reliance On Good Conduct Of Others

Every person has a right to expect that every other person will use reasonable care and will not violate the law, unless he or she knows, or should know, that the other person will not use reasonable care or will violate the law.

**INSTRUCTION NO. 28**

**Custom Or Practice**

You may consider customs or practices in the community in deciding whether The Chuck Olsen Company acted reasonably.  Customs and practices do not necessarily determine what a reasonable person would have done in The Chuck Olsen Company's situation.  They are only factors for you to consider.

Following a custom or practice does not excuse conduct that is unreasonable.  You should consider whether the custom or practice itself is reasonable.

**INSTRUCTION NO. 29**

**Introduction to Contract Damages**

If you decide that The Chuck Olsen Company has proved its breach of contract claim against FPD as to all or some of the 16 contracts at issue, you also must decide how much money will reasonably compensate The Chuck Olsen Company for the harm caused by the breach.  This compensation is called "damages."  The purpose of such damages is to put The Chuck Olsen Company in as good a position as it would have been if FPD had performed as promised by Joseph Pisciotta.

The Chuck Olsen Company claims damages from FPD for the amount of its unpaid invoices on the orders placed by Joseph Pisciotta.

**INSTRUCTION NO. 30**

**Damages – Proof**

It is the duty of the Court to instruct you about the measure of damages. By instructing you on damages, the Court does not mean to suggest for which party your verdict should be rendered.

If you find for The Chuck Olsen Company on its complaint, you must determine the plaintiff's damages.   The plaintiff has the burden of proving damages by a preponderance of the evidence.

Damages means the amount of money that will reasonably and fairly compensate the plaintiff for any injury you find was caused by the defendant.   You should consider the fair value of the winning party's economic losses.

It is for you to determine what damages, if any, have been proved.   Your award must be based upon evidence and not upon speculation, guesswork, or conjecture.

**INSTRUCTION NO. 31**

**Damages -- Mitigation**

Plaintiff The Chuck Olsen Company has a duty to use reasonable efforts to mitigate damages.  To mitigate means to avoid or reduce damages.

Defendant FPD has the burden of proving by a preponderance of the evidence:

1.     that the plaintiff failed to use reasonable efforts to mitigate damages; and

2.     the amount by which damages would have been mitigated.

## INSTRUCTION NO. 32

### Duty To Deliberate

When you begin your deliberations, you should elect one member of the jury as your presiding juror.  That person will preside over the deliberations and speak for you here in court.

You will then discuss the case with your fellow jurors to reach agreement if you can do so.  Your verdict must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all the evidence, discussed it fully with the other jurors, and listened to the views of your fellow jurors.

Do not hesitate to change your opinion if the discussion persuades you that you should.  Do not come to a decision simply because other jurors think it is right.

It is important that you attempt to reach a unanimous verdict, but, of course, only if each of you can do so after having made your own conscientious decision.  Do not change an honest belief about the weight and effect of the evidence simply to reach a verdict.

# INSTRUCTION NO. 33

## Communication With Court

If it becomes necessary during your deliberations to communicate with me, you may send a note through the marshal, signed by your presiding juror or by one or more members of the jury.  No member of the jury should ever attempt to communicate with me except by a signed writing; I will communicate with any member of the jury on anything concerning the case only in writing, or here in open court.  If you send out a question, I will consult with the parties before answering it, which may take some time.  You may continue your deliberations while waiting for the answer to any question.  Remember that you are not to tell anyone—including me—how the jury stands, numerically or other otherwise, until after you have reached a unanimous verdict or have been discharged.  Do not disclose any vote count in any note to the court.

**INSTRUCTION NO. 34**

**Return Of Verdict**

A verdict form has been prepared for you. After you have reached a unanimous agreement on a verdict, your presiding juror will fill in the form that has been given to you, sign and date it, and advise the court that you are ready to return to the courtroom.