Joseph P. DiVincenzo-Bar #65649
REMER, DIVINCENZO & GRIFFITH
A PROFESSIONAL CORPORATION
ATTORNEYS AT LAW
2121 EAST PACIFIC COAST HIGHWAY, SUITE 280
CORONA DEL MAR, CALIFORNIA 92625
(949) 759-0781/(949) 759-0788 Facsimile
j.divincenzo@rdgattorneys.com

Attorneys for Defendants, CounterClaimants and Third Party Plaintiffs, F.P.D., Inc. and Joseph Balcom

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| THE CHUCK OLSEN CO., INC., a California corporation,<br><br>Plaintiff,<br><br>vs.<br><br>F.P.D., INC., a California corporation; and JOSEPH BALCOM, an individual,<br><br>Defendants. | CASE NO. CV13-05062-DMG<br><br>**OBJECTIONS OF DEFENDANTS FPD, INC. AND JOSEPH BALCOM TO PLAINTIFF THE CHUCK OLSEN COMPANY, INC.'S APPLICATION TO THE CLERK TO TAX COSTS** |

Defendants, herein, FPD, Inc. and Joseph Balcom, pursuant to Local Rule 54-6, hereby submit their objections and response to the Bill of Costs contained in the Application to the Clerk to Tax Costs of Plaintiff, The Chuck Olsen Company, Inc., as follows:

1. **THE COURT HAS NOT YET DETERMINED THE "PREVAILING PARTY" IN THIS CASE.**

Under Federal Rules of Civil Procedure, Rule 54d, and under Local Rule 54-6, costs can only be awarded to the "prevailing party". In this case, the Plaintiff and the Defendants have each filed motions, to be heard on January 8, 2016, requesting an award of attorneys' fees and asking the court to determine

who is the "prevailing party". In the context of said pending Motions for Attorneys' Fees, each side claims that it prevailed in the action based upon contract.

Subject to the Court's determination on the issue of "prevailing party", in the motions set on January 8, 2016, Defendants contend that Defendants, not Plaintiff, are the "prevailing parties".

## 2. THE AWARD OF COSTS HEREIN IS GOVERNED BY CALIFORNIA CIVIL CODE §1717.

The parties contend that there exists a contract, or contracts, in this case containing a clause that allows "the award of all court costs and reasonable attorneys' fees". Under California law, where the provision for fees and costs is contained in a contract, Civil Code Section §1717 is the "fundamental statute to be applied to fees and costs claims under a contract." *Sears v. Baccaglio* (1998) 60 Cal App 4th 1136, 1158.

Under Civil Code §1717, the definition of a prevailing party is "the party who recovered a greater relief in the action on the contract. The court may also determine that there is no party prevailing on the contract for purpose of this section." California Civil Code §1717(b)(1).

In this case, the Plaintiff sought to recover $434,533.00 pursuant to 16 contracts allegedly made with the Defendant, FPD, Inc. The jury refused to award any money to the Plaintiff on 8 of the contracts and found in favor of the Defendant on those contracts. The jury found in favor of the Plaintiff on 7.1 of the remaining contracts. Thus, Plaintiff was awarded the sum of $201,422.00 and but was denied the larger sum of $233,111.00. Based on monetary values, the Defendants therefore obtained the "greater relief on the contract".

Nevertheless, the issue of prevailing party has been framed for the court to decide in the context of cross motions for attorneys' fees set to heard on January 8, 2016.

3. **OBJECTIONS TO SPECIFIC COST REQUESTS IN PLAINTIFF'S APPLICATION.**

    a. **Witness Fees for Deputy Alejandro Bocanegra: $382.00.**

On page 2 of Plaintiff's Bill of costs, the sum of $382.00 is listed as a "witness fee" for Deputy Alejandro Bocanegra of the L.A. County Sheriff's Office. No such witness appeared at the trial.

    b. **Fees for Service of Process Deputy Alejandro Bocanegra: $382.00.**

The same invoice for Deputy Alejandro Bocanegra appears as a "fee for service of process" and as a "witness fee". These are duplicate entries, and are added twice to Plaintiff's cost bill. Moreover, no such witness ever was called or appeared at the trial.

    c. **Unidentified Deposition Costs: $2,300.56.**

In the section labeled as "Depositions", there is an invoice from Veritext for $2,300.56 to Robert Curtis, in Fresno, California. Mr. Curtis is not a member of the Firm of Wilder, Carter and Tipton, but was co-counsel with that firm in representing Plaintiff. The invoice from Veritext does not state which deposition section Mr. Curtis is being billed for. Other invoices from Veritext in the Deposition show the specific deponents' names and it cannot be ascertained if the invoice to Mr. Curtis is duplicative of other costs.

    d. **Reporter's Transcripts: $133.86.**

Apparently, Plaintiff's counsel ordered an "opening statement of defense" partial transcript. This was not pursuant to stipulation or court order and is not a recoverable cost.

    e. **Reproduction of Documents: $1,254.10.**

Under the exhibit containing invoices for reproduction of documents, two documents appear to be associated with preparation for trial, and compiling exhibit books that might assist in the trial. Those are invoices in

the amount of $570.90, invoice number 25095, dated August 13, 2015; and invoice number 25111, dated August 19, 2015, in the amount of $68.29. The balance of the items should not be allowed as recoverable costs.

Therefore, the specific items and dollar amounts identified in items (a)-(e) above, should be deducted from any costs awarded.

4. **IF COSTS ARE NOT DENIED, THEY SHOULD BE APPORTIONED.**

The Plaintiff received less than 50% of the relief it sought in its Complaint. Therefore, the Court is empowered to deny, reduce or apportion costs under California Code of Civil Procedure §1032, or under Civil Code §1717.

5. **CONCLUSION**

The clerk should defer ruling on Plaintiff's application for costs until such time as the court has made its ruling on the determination of "prevailing party" in connection with the motions before the court set for hearing on January 8, 2016. Alternatively, the clerk should deny and apportion costs as requested above.

Respectfully submitted.

Dated: December 11, 2015        REMER, DiVINCENZO & GRIFFITH
                                A Professional Corporation

                                By: _____
                                    JOSEPH P. DiVINCENZO
                                    Attorneys for Defendants, Counter-
                                    Claimants and Third Party Plaintiffs,
                                    F.P.D., Inc. and Joseph Balcom

# PROOF OF SERVICE

The Chuck Olsen Co. V. FPD, Inc.

STATE OF CALIFORNIA, COUNTY OF ORANGE

I am employed in the County of Orange, State of California. I am over the age of 18 and not a party to the within action; my business address is 2121 E. Coast Highway, Suite 280, Corona del Mar, California 92625.

On **December 11, 2015**, I caused to be served the foregoing document(s) described as **OBJECTIONS OF DEFENDANTS FPD, INC. AND JOSEPH BALCOM TO PLAINTIFF THE CHUCK OLSEN COMPANY, INC.'S APPLICATION TO THE CLERK TO TAX COSTS** on the interested parties in this action by electronically filing this document, if required by the court in its Electronic Case Filing Program, and/or by placing the true and correct copies thereof enclosed in sealed envelopes as addressed as follows:

[ ] **BY MAIL:** I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it is deposited with U.S. postal service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of party served, service is presumed invalid if postage cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit as follows:

[ ] **BY OVERNIGHT MAIL:** I delivered a copy of this document(s) to an authorized courier or driver authorized by Golden State Overnight, an express service carrier to receive documents, in an envelope or package designated by Golden State Overnight with delivery fees paid or provided.

[ ] **BY PERSONAL SERVICE:** I caused such envelope to be delivered by hand to the office's of the addressee.

[ ] **BY ELECTRONIC TRANSFER/VIA FACSIMILE:** I caused all of the pages of the above-entitled document(s) to be sent to the recipients noted via electronic transfer (FAX) at the respective facsimile numbers indicated.

[ ] **BY ELECTRONIC TRANSMISSION**: I transmitted a PDF version of this document by electronic mail to the party(s) identified on the attached service list using the e-mail address(es) where indicated.

[x] **BY ELECTRONIC TRANSMISSION/COURT**: I transmitted a PDF version of this document by electronic mail to the party(s) identified on the service list using the e-mail address(es) and procedure provided pursuant to the Court's Electronic Filing Notification System as follows:

| | |
|---|---|
| Patrick J. Gorman, Esq.<br>WILD, CARTER & TIPTON<br>246 West Shaw Avenue<br>Fresno, CA 93704<br>559-224-2131<br>559-229-7295<br>pgorman@wctlaw.com<br>Counsel for The Chuck Olsen Company,<br>Chuck Olsen, Dave Perez | Robert A. Curtis, Esq.<br>FOLEY, BEZEK BEHLE & CURTIS, LLP<br>15 W. Carrillo St.<br>Santa Barbara, CA 93101<br>805-962-9495 Phone<br>805-962-0722 Fax<br>rcurtis@foleybezek.com |

I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made. Executed on **December 11, 2015,** at Corona del Mar, California.

_____
Renee M. Bell